## EDMUND CHARLTON *vs.* RICHARD DONNELL.

A judgment of the superior court upon a case submitted to it on an agreed statement of evidence, with power to draw such inferences and conclusions as a jury might, cannot be revised on appeal as to inferences of fact or as against the weight of evidence.

In an action against an inhabitant of Massachusetts, on an account with twenty items, extending over a period of fourteen months, for intoxicating liquors sold to him in another state and sent to him here by express, in quantities varying from two gallons to a barrel, *Held*, that the testimony of the defendant that he was a retailer of such liquors here, and once told the plaintiff that he wanted an assortment of liquors suitable to be sold from the bar, at another time spoke of retailing by the glass to his customers the barrel of liquor which he was buying, and at still another time told the plaintiff that he had been prosecuted, and should have to give up the business, and returned some liquors to the plaintiff; together with the testimony of the plaintiff's son and clerk, who made some of the sales, that he had heard that there was a prohibitory law here and could not swear that the defendant did not tell him so, and the testimony of the plaintiff himself that it was reported that there was such a law here, and he supposed that a prohibitory law meant that one should not sell, and supposed also, from the defendant's purchasing, that the defendant sold; combined with the frequency and amount of the defendant's purchases, all of which were proved as sued for; had some tendency to show, within the meaning of the Gen. Sts. *c.* 86, § 61, that the plaintiff sold the liquors to the defendant " for the purpose of being brought into this Commonwealth to be here kept or sold in violation of law, under such circumstances that the vendor would have reasonable cause to believe that the purchaser entertained such illegal purpose."

CONTRACT against an inhabitant of Attleborough, for a balance due on an account annexed, containing twenty items for whiskey, rum, ale and gin, sold to him by the plaintiff at various dates from June 1865 to August 1866, in quantities varying from two gallons to a barrel. Writ dated June 24, 1867. In the superior court, the case was referred to an auditor, who found that the defendant was a wholesale dealer in intoxicating liquors in Rhode Island; and that the sales charged in the account were all made at Providence in that state, and the liquors sold were sent from Providence to Attleborough by express. The auditor also found that the sales were made under such circumstances that the plaintiff had reasonable cause to believe that the defendant bought the liquors for the purpose of bringing them into Massachusetts to be here kept or sold in violation of law; and reported in full the evidence introduced before him on that question, among which was the following: The defendant testified that he was a retailer of liquors at Attleborough,

had known the plaintiff since 1864, and at times dealt in liquors with him personally, and at other times sent orders for liquors to him by express, and had repeatedly received letters from him, addressed to Attleborough, relating to their dealings; that once, in talking about his business with the plaintiff, he had said among other things that he wanted to sell about what others sold from the bar, and the plaintiff in reply recommended to him a certain kind of whiskey for retailing; that at another time, in buying a barrel of rum from the plaintiff, he told the plaintiff that he wanted to get a superior quality, because if he could get good rum many of his customers would take it and pay him ten cents per glass; and that on another occasion he told the plaintiff that he had been prosecuted, and should have to give up the business, as the profits would not pay costs, and returned some liquors to the plaintiff. The expressman testified that the defendant kept and sold liquor in a room in the defendant's house; that the plaintiff asked him at one time, when he got a barrel of rum for the defendant, who the defendant was and whether he was doing much, and the witness answered that the defendant was doing quite a little business. The plaintiff's son, who was his clerk, and made many of the sales to the defendant, testified that he believed that the defendant lived in Attleborough and worked in a jeweller's shop, and did not know " for a fact " what other business the defendant had, but it was natural for him to suppose that the defendant retailed the liquors in Attleborough; and further testified that he had heard that there was a prohibitory law in Massachusetts, and could not swear positively whether the defendant ever did or did not tell him so. The plaintiff himself on cross-examination testified that he made several sales to the defendant personally; that he " did not know for a fact that the defendant sold," but " the supposition from his purchasing was that he sold;" and that he " had heard that there was a law in Massachusetts;" and on reëxamination further testified that " it was reported there was a prohibitory law in Massachusetts," and " of course he supposed a prohibitory law meant that one should not sell."

At the trial, the parties submitted the case on the auditor's report, " as a statement of facts, and the court to draw such inferences and conclusions as the jury might draw from the evidence ; " judgment was ordered for the defendant; and the plaintiff appealed.

*E. P. Brown*, for the plaintiff.

*J. Daggett*, for the defendant, was not called upon.

HOAR, J. The parties agreed in the superior court that the auditor's report should be taken as a statement of facts, from which the court might draw such inferences and conclusions as the jury might draw from the evidence. No appeal lies to this court from the finding of the superior court which is based upon any inference of fact drawn from the evidence. Nor can we revise the decision of the court below, because it appears to be against the weight of evidence in any matter of fact.

The only question before us upon this appeal is, therefore, whether the evidence reported by the auditor has any tendency whatever to show that the plaintiff sold the defendant the intoxicating liquors "for the purpose of being brought into this Commonwealth to be here kept and sold in violation of law, under such circumstances that the vendor would have reasonable cause to believe that the purchaser entertained such illegal purpose." Gen. Sts. *c.* 86, § 61. We think some of the evidence had that tendency. The plaintiff, through his agent who made some of the sales, had notice that there was a prohibitory law in Massachusetts, a law which made selling intoxicating liquors illegal; and from the frequency, amount and circumstances of the defendant's purchases, with the statements which the defendant testified that he had made to him, might have been found to have known that the defendant intended a sale of the liquors by the glass, to be drunk on the premises, and that this was unlawful in this Commonwealth, and exposed the seller to prosecution. Whether he knew the exact provisions of the statute is immaterial. *Bligh* v. *James*, 6 Allen, 570.

The finding of the judge of the superior court is a conclusive determination of the question of fact, and there is no question of law open upon the appeal. *Judgment for the defendant.*