HETTY S. CUNNINGHAM *vs.* BOSTON AND ALBANY RAILROAD COMPANY.

Norfolk.   March 5, 6, 1891. — May 18, 1891.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Railroad — Location — Abandonment — Estoppel.*

In an action to try the title to a small parcel of land occupied by a railroad company in the rear of its C. F. Station, it appeared that a relocation duly filed by the company described the boundary line of the land taken, after running southwesterly "to the fence" between its land and that of the plaintiff's predecessor in title, as "thence turning and running westerly on the boundary line" between them. The location, further to identify the land taken, referred to a colored plan which included the parcel in question. The location

and the plan agreed if the line "running westerly" was taken to be the line of such fence. Another plan furnished such predecessor in title was colored only up to the parcel in question, but showed it enclosed by a line and marked " C. F. Station." Subsequently the company accepted from such predecessor a deed of land describing the granted premises as the "land of the grantors taken" by the location, and bounding it by "land of said company used for C. F. Station," but not including the parcel in question. Soon after, the same grantor gave to the company a license to occupy other land of his, which it ever after occupied, and which would have been of no use whatever if the company was not entitled to the parcel in question. *Held*, that the location included the parcel in question, and that the acceptance of the deed from the plaintiff's predecessor in title did not affect the company's rights under the location.

HOLMES, J. This is an action to try the title to a small parcel of land occupied by the defendant, in the rear of one of its stations known as Cottage Farm Station. The case was submitted to the Superior Court on an agreed statement of facts, with power to draw inferences, and that court found for the defendant. Technically, the only question before us is whether the agreed facts warrant that finding, either as a necessary conclusion of law or as a possible inference of fact from what is agreed considered as evidence. *Old Colony Railroad* v. *Wilder*, 137 Mass. 536, 538. *Charlton* v. *Donnell*, 100 Mass. 229, 231.

Many of the facts agreed are made immaterial by an interpretation of the defendant's location of 1871. On March 25, 1871, the defendant filed a location, the validity of which is not contested. The material part is as follows : " Commencing on the westerly side of St. Mary Street, which is the boundary line between the city of Boston and the town of Brookline and also the boundary line between the county of Suffolk and the county of Norfolk, at a point fifty feet southerly from the centre line between the tracks of said Boston and Albany Railroad as they now lie ; thence running westerly, parallel to said centre line, by land of either Amos A. Lawrence or of William R. Lawrence, or of both of them, the said Lawrences, three hundred and five feet to a point fifty feet from said centre line ; thence westerly, curving northerly with a radius of two thousand two hundred and ninety-two feet, by land of either said Amos A. or of said William R., or of both of them, the said Lawrences, about seven hundred and sixty-five feet to a point sixty feet southerly from said centre line ; thence turning and running southwesterly on the boundary line between land of said railroad company and land of either

said Amos A. or of said William R., or of both of them, the said Lawrences, to the fence between land of said company and of either said Amos A. or of said William R., or of both of them, the said Lawrences ; thence turning and running westerly on the boundary line between land of said company and of either said Amos A. or of said William R., or of both of them, the said Lawrences, to the easterly line of Essex Street ; thence turning and running northerly on said easterly line of Essex Street to a point fifty-four feet southerly from said centre line."

After a further description of other land taken, the location reads as follows : " Part of the land above described, and taken by this location, belongs already to said Boston and Albany Railroad Company. And said company claims, reserves, and retains, and does not waive or abandon, any rights, titles, or interests they now have in or to any and all of said land."

" And for the further identification of the land hereby taken, and of this location, reference may be had to a plan thereof herewith filed, (dated) March 8, 1871, and signed Boston and Albany Railroad Company, by D. Waldo Lincoln, Vice-President ; S. L. Minot, Engineer ; whereon said land is colored red."

The plan referred to included the land in question. The copy furnished the Lawrences, the plaintiff's predecessors in title, was colored pink up to, but not including, this land. But the land in question was shown enclosed by a line and marked " Cottage Farm Station," so that the only reasonable understanding of the copy was that the defendant included that land in its location, but did not admit that the plaintiff's predecessors had any interest in it which was taken at that time. See further *Brock* v. *Old Colony Railroad*, 146 Mass. 194. Turning to the language of the location, the immediately operative words taken by themselves might leave the line to depend on the question where, as the result of earlier dealings with the railroad, the true boundary line between its land and that of the Lawrences might be. The words are, " thence turning and running westerly on the boundary line between land of said company and of either said Amos A. or of said William R., or of both of them, the said Lawrences, to the easterly line of Essex Street." But the immediately preceding language interprets the words "boundary line," and shows that they are used to signify the line of a fence

then visible, assumed and stated to stand on the boundary line. The language referred to is, "thence turning and running southwesterly on the boundary line between land of said railroad company and land of either said Amos A. or of said William R., or of both of them, the said Lawrences, to the fence between land of said company and of either said Amos A. or of said William R., or of both of them, the said Lawrences." So that the boundary line next mentioned does not mean a boundary line as it may be determined after litigation, but as it is identified by a monument visible on the face of the land. Construed in this way, the language of the location and the plan referred to for the further identification of the land taken agree. *Grand Junction Railroad* v. *County Commissioners*, 14 Gray, 553, 560, 564. It is objected that the line to the fence was not between the land of the company and that of the Lawrences, and cannot be laid down. But apart from the fact that the line is identified in the agreed facts, so that this argument is hardly open, taking the distances, the plan, and the position of the fence into account, it was at least open to the Superior Court to find that the whole location could be applied to the land intelligibly. Moreover, doubt as to the precise position of this previous line, if it existed, would raise no doubt as to that of the main line under the fence.

It is argued that the defendant has abandoned its location, or is estopped from saying that the land in question was covered by it, because it accepted from the Lawrences a deed of land described as "being the land of the grantors taken" by this location, and not including this parcel. But the language is better explained by the suggestion that, at the date of the location, the defendant did not admit, and the Lawrences did not claim, that the latter had any title to the premises. This conclusion is strengthened by the fact that just afterwards the Lawrences gave the defendant a license to occupy a triangular strip on the farther or Lawrence side of the premises, under which the defendant has occupied it ever since, and which would have been of no use whatever if the defendant had not been entitled to use the land in controversy.

The defendant had occupied the premises before the location, and the boundary in the deed, "to land of said company used

for Cottage Farm Station," tends to the conclusion that the Lawrences did not claim any part of the land then so used. See further *Miles* v. *Barrows*, 122 Mass. 579; *Lovejoy* v. *Lovett*, 124 Mass. 270, 274.

*Judgment affirmed.*

*F. Cunningham*, for the plaintiff.
*Samuel Hoar & W. Hudson*, for the defendant.

