### GUSTENE KENERSON vs. MARGARET COLGAN.

Suffolk.   April 2, 1895. — June 24, 1895.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Consideration of Contract — Agreed Facts — Action.*

Where the consideration of the defendant's promise to make papers giving property to the plaintiff's wife after the defendant's death is that the plaintiff will move from E. to A. and take care of the defendant, the moving of his buildings by the plaintiff from E. to A. is no part of the consideration and therefore, conversely, the defendant's promise is not the consideration, or conventional inducement for moving the buildings, and a repudiation of the express promise does not let in a recovery for the buildings on a *quantum valebat.*

Where, judgment having been entered for the defendant, it seemed very possible that the agreed facts did not present the plaintiff's case adequately upon the point in question, the court said that the judgment was without prejudice to a motion to discharge the facts in the Superior Court, if the counsel for the plaintiff thought that he could show just cause.

CONTRACT, for the value of the materials and labor employed in taking down certain stables and sheds, and in erecting the same.   The case was submitted to the Superior Court, and, after judgment for the defendant, to this court on appeal, upon agreed facts, in substance as follows.

The plaintiff, who had married a daughter of the defendant, was in the year 1889 engaged in the business of teaming, his place of business being Chambers Street, Boston, and was residing in East Cambridge ; he used in his business from twelve to fifteen horses; in the month of June, 1890, the defendant was very sick at her home in Allston, and the plaintiff moved her

to his house in East Cambridge, and when removed to the plaintiff's house she was unable to sit up, and was wrapped in blankets; and after she had been at the plaintiff's house some weeks she became convalescent, and after a period of about seven weeks was able to go down stairs and be about the house. She then desired to go back to her home in Allston, and said to the plaintiff that, if he would move from his residence in East Cambridge to her house in Allston, and take care of her, she would not charge him any rent, and would as soon as she was able make papers giving the property to Mary, the wife of the plaintiff, after her death; that she had done all she ever should do for the boys, and all she had should be Mary's. She urged the plaintiff's wife to try to influence her husband to move to the defendant's house in Allston; and in pursuance of the defendant's request and promises, the plaintiff moved from his residence in East Cambridge to the defendant's house in Allston, and he also moved his buildings and stables he had erected in East Cambridge. He did so relying upon the statements of the defendant that she would make papers to convey the property to the plaintiff's wife Mary, so that she would own the property at her decease; and the plaintiff incurred expenses in moving the buildings from East Cambridge and erecting the same upon the defendant's premises at Allston, and in fitting up an extra tenement upon the defendant's premises, to the full amount stated in the plaintiff's declaration, to wit, $514.74; the plaintiff had lived at the defendant's house several months after he had moved the buildings to Allston, and had performed his part of the agreement, when the defendant executed a lease of the premises to one Charles H. Colgan, who immediately notified the plaintiff to vacate the premises, as he was then entitled to possession of them under said lease. The plaintiff in a few days vacated the same, and attempted to remove the sheds and buildings so moved and erected by him as aforesaid, but was prevented by the defendant and the said Colgan from so doing. The defendant died soon after the action was brought, without ever having made any conveyance to the wife of the plaintiff.

If the plaintiff was entitled to recover, judgment was to be entered for him in the sum of $514.74, and interest thereon from the date of the writ; otherwise, judgment was to be entered for the defendant.

*J. M. Browne,* for the plaintiff.

*F. Burke,* for the defendant.

HOLMES, J.    According to the agreed statement of facts, the consideration of the defendant's promise to " make papers giving the property to Mary, the wife of the plaintiff, after her death," was that the plaintiff " would move from his residence in East Cambridge to her [defendant's] house in Allston, and take care of her."    Moving his buildings was no part of the consideration, and therefore, conversely, the defendant's promise was not the consideration or conventional inducement for moving the buildings, and a repudiation of the express promise does not let in a recovery for the buildings on a *quantum valebat,* as in *Parker* v. *Tainter,* 123 Mass. 185.    Moving the buildings was either a gratuitous act, or at most a means by which the plaintiff enabled himself to do his stipulated part.    It was not within the defendant's request.    *Bacon* v. *Parker,* 137 Mass. 309, 311.

As the facts stand, judgment must be for the defendant; but as it seems very possible that the agreed statement does not present the plaintiff's case adequately upon this point, we think it best to mention that our judgment is without prejudice to a motion to discharge the facts in the Superior Court if the counsel for the plaintiff thinks he can show just cause.    *Platt* v. *Justices of the Superior Court,* 124 Mass. 353, 355.

*Judgment for the defendant.*