JOHN H. WEBBER, JR., administrator, *vs.* CAMBRIDGEPORT
SAVINGS BANK.

Middlesex.   January 28, 1904. — June 27, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, & BRALEY, JJ.

*Practice, Civil,* Agreed statement of facts.   *Savings Bank,* By-law.   *Contract,*
Validity, Construction.

Where an agreed statement of facts provides that the "court may draw such infer-
ences of fact as are warranted" and the Superior Court makes a finding thereon,
an appeal presents only questions of law, and this court cannot draw inferences
of fact.

A by-law of a savings bank provided as follows: "No person shall receive any part
of his principal or interest, without producing the original book, that such pay-
ments may be entered therein, unless it is proved to the satisfaction of the trus-
tees or the treasurer that such book shall have been lost or destroyed, in which
case a legal discharge shall be given." *Held,* that, even if intended to do so,
this by-law could not oust the courts of their jurisdiction by substituting the
trustees or treasurer as the tribunal to determine whether a bank book was lost
or destroyed, and in an action to recover a deposit alleged to have been made by
the plaintiff's intestate in a savings bank having such a by-law, where the bank
book is not produced, a finding for the plaintiff can be sustained if there is evi-
dence sufficient to satisfy the mind of a reasonable man that the bank book has
been lost or destroyed.

CONTRACT to recover money alleged to have been deposited by the plaintiff's intestate in the Cambridgeport Savings Bank, with interest thereon.   Writ dated February 6, 1903.

In the Superior Court the case was presented upon an agreed statement of facts, concluding with the words "Court may draw such inferences of fact as are warranted."   The Superior Court found for the plaintiff in the sum of $1,744.98; and the defendant appealed.

*E. H. Jose,* for the defendant.

*H. H. Winslow,* for the plaintiff.

LATHROP, J. The Superior Court having found for the plaintiff on an agreed statement of facts, which contained the words " court may draw such inferences of fact as are warranted," the defendant's appeal presents to us only questions of law, and we are not authorized to draw any inferences of fact. *Cochrane* v. *Boston,* 1 Allen, 480. *Charlton* v. *Donnell,* 100 Mass. 229. *Rand* v. *Hanson,* 154 Mass. 87, 91. *Ingalls* v. *Hobbs,* 156 Mass. 348.

The plaintiff contended that, on the evidence in the case, the deposit book was lost or destroyed. The finding of the Superior Court was in accordance with this view, and it is not seriously contended that this finding was not justified by the evidence. The seventeenth by-law of the defendant provides that " no person shall receive any part of his principal or interest, without producing the original book, that such payments may be entered therein, unless it be proved to the satisfaction of the trustees or the treasurer that such book shall have been lost or destroyed, in which case a legal discharge shall be given." The defendant sets up this by-law in defence, and contends that no evidence of such loss or destruction has been furnished it, either by the intestate or by the administrator, that satisfies the treasurer or trustees that the deposit book has been lost or destroyed.

Treating the by-law as a contract between the parties, the defendant could not thereby render its treasurer or trustees the final arbiter of the question whether a bank book was lost or destroyed, and thus oust the courts of their jurisdiction. *Miles* v. *Schmidt,* 168 Mass. 339. If it means less than this, it falls within that class of cases where something is to be done to the satisfaction of another, which is not a mere matter of taste. In such cases it has been held that the test is not the arbitrary decision of the person concerned, but the mind of a reasonable man. See *Hawkins* v. *Graham,* 149 Mass. 284, and cases cited; *Page* v. *Cook,* 164. Mass. 116; *Lovett* v. *Farnham,* 169 Mass. 1, 5.

We cannot say, as matter of law, that the agreed facts do not show enough to satisfy the mind of a reasonable man that the deposit book was lost or destroyed.

*Judgment on the finding for the plaintiff.*