CITY OF BOSTON *vs.* SUMNER J. BROOKS.

Suffolk.   November 16, 1904. — January 7, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Judgment.   Practice, Civil,* Agreed statement of facts.

A judgment for the plaintiff in an action against a city for an alleged defect in a highway has no force or effect against a person who originally was joined as a defendant in the action and against whom it afterwards was discontinued, and the city after having paid the judgment cannot make use of it to recover the amount paid from the person who originally was a joint defendant.

Upon an agreed statement of facts in which no power to draw inferences is given the judgment must be for the defendant unless the facts stated show a liability to the plaintiff as matter of law.

KNOWLTON, C. J.   This is an action brought to recover the amount of a judgment recovered against the city of Boston on account of a defect in a street, alleged to have been caused by the defendant. The original action was brought against the present defendant and the city of Boston, jointly, and both appeared to defend the suit. On demurrer by the city it was held that the plaintiff could not maintain her action against the two defendants jointly, and thereupon she elected to proceed against

the city alone, and discontinued the action against this defendant. This defendant then withdrew from the case and took no further part in it. He was not notified nor requested to continue in the defence, and the city alone defended.

His original appearance must be assumed to have been as a party mentioned in the writ, and after the discontinuance against him the case took a new form which on its face did not directly concern him. In the absence of any request or notice from the city, he was not called upon to defend the action in its changed form, as he would not have been if it originally had been brought in that form. The present action, therefore, stands precisely as it would have stood if the original action had been brought against the city alone, and it follows that the judgment has no force or effect against this defendant, who was not a party to it.

As the case comes up by report on an agreed statement of facts, the judgment must be for the defendant, unless the facts show a liability to the plaintiff as matter of law. Upon an agreement in this form, no inferences can be drawn. *Mayhew* v. *Durfee*, 138 Mass. 584. *Kenerson* v. *Colgan*, 164 Mass. 166. *Schwarz* v. *Boston*, 151 Mass. 226. *Webber* v. *Cambridgeport Savings Bank*, 186 Mass. 314.

The statement does not show that there is a cause of action. The plaintiff concedes that there is no liability under the ordinance which is embodied in the agreement, and we need not consider it. Upon the facts stated it cannot be said as a matter of law that there was a defect in the street for which either the city or the defendant was liable. There is nothing to show whether the original plaintiff was or was not in the exercise of due care. In accordance with the terms of the report, the entry must be,

*Judgment for the defendant.*

*A. L. Spring*, for the plaintiff.
*F. Hunt*, for the defendant.