BUSELL TRIMMER COMPANY *vs.* CHARLES F. COBURN.

Suffolk.    January 3, 1905. — May 20, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND,
LORING, & BRALEY, JJ.

*Corporation.    Contract.    Damages.    Judgment.*

Where a person is both president and manager of a corporation and receives a salary, in the absence of evidence as to the services for which the salary is paid it may be inferred that it is paid for his services as manager.

Electing a person as an officer of a corporation under ordinary circumstances is not a contract with him for a stated time, and implies no agreement on the part of the corporation to carry on its business through a year.

If a corporation in electing a person as its president and manager at a certain salary makes a contract with him to carry on its business through a year, and subsequently breaks this contract by a sale of all its property within the year, this does not give the officer a right of action against the corporation for his full salary after his services no longer are required, but only the right to recover the difference between the amount of the salary and what he could have earned in some other occupation, and in the absence of evidence such loss will not be inferred.

. If the purchaser of a business agrees to indemnify the vendor against all loss or damage upon any contracts relating to the business upon which the vendor is liable, a judgment obtained against the vendor, in an action brought by the manager of the business for salary for a period after the sale, is not binding on the purchaser if the vendor gave him no notice to come in to defend the action.

CONTRACT for $1,600.51 on a contract in writing, the material portion of which is quoted in the opinion.   Writ in the Municipal Court of the City of Boston dated June 28, 1901.

On appeal to the Superior Court the case was tried before *Pierce*, J., who ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs at the sitting of the court in January, 1905, and afterwards was submitted on briefs to all the justices.

*R. D. Ware*, for the plaintiff.

*W. C. Cogswell*, for the defendant.

LATHROP, J.   The contract in question is dated August 4, 1900.   In it the plaintiff is called the vendor, and the defendant the purchaser.   By the terms of the contract the vendor assigned

to the purchaser " all of the machinery, stock in trade, fixtures and effects pertaining to its business, and also all the book and other debts now due and owing to the said vendor, and also all contracts, benefits and advantages which have been entered into by the said vendor, or to which it is or can be entitled." The purchaser covenanted with the vendor " that he will at all times hereafter save harmless, and keep indemnified the said vendor from and against all losses, costs, expenses, and damages which may be incurred by reason of any action which shall or may be brought or instituted against the said purchaser, . . . for, or in respect of, the said machinery, stock in trade, effects and premises, or for or in respect of the recovery of the several sums of money which by its books appear to be due and owing from the said vendor in respect of the said trade or business, and also from and against the contracts and engagements to which the said vendor appears to be now liable; and also all interest, costs, expenses, losses, claims and demands on account of the same debts, contracts and engagements respectively or otherwise in relation to the premises."

It appeared in evidence that at the time of the signing of the contract Knight was president of the company and had been connected with it about fifteen years as manager and president. On June 4, 1900, the directors of the plaintiff company elected its officers for the ensuing year, and among them Knight, as president and manager. There was evidence also that Knight sold the manufactures of the company, handled the money, paid the men, looked after the factory and attended to the entire business; and further that at the time of the transfer Knight was receiving a salary of $2,000 a year.

The plaintiff offered to show that upon November 20, 1900, Knight brought an action against the plaintiff for salary alleged to have accrued to him after the transfer, for the months of August, September, October and part of November, at the rate of $116.67 per month. The company did not defend the action, and Knight recovered judgment, which judgment was paid by the company. The plaintiff further offered to show that in March, 1901, a further sum was paid by the company to Knight in satisfaction of a claim he made against the company for the balance of the year for which he contended that his contract

continued. The judge excluded this evidence of payments, and the plaintiff excepted.

We are of opinion that the ruling was right. The contract before us transferred to the defendant the machinery, stock in trade, fixtures and book debts. It does not appear that Knight rendered any service to the defendant or that he was expected to do so. Nothing was due to him from the plaintiff when the transfer was made. The contention of the plaintiff is that the liability of the defendant arises under the last clause of the contract, " and also all interest, costs, expenses, losses, claims and demands on account of the same debts, contracts and engagements." The president of a corporation, as an officer, is not *ipso facto* entitled to a salary or to a compensation, and so far as any inference is to be drawn in regard to it, the inference is that the salary was paid to him as manager and not as president. The plaintiff disposed of all its property at the date of the contract, and after that, so far as appears, had nothing to manage. There is nothing to show that the plaintiff was not at liberty to sell its property and wind up its business at any time. Electing a man to an office is not ordinarily to make a contract with him for a stated time. There is nothing to show that the corporation agreed with Knight to continue to carry on business through a year, or to retain him under a salary as manager after it ceased to have anything to manage. The evidence did not go far enough.

There is also another ground which is conclusive against the plaintiff. Even if the plaintiff made a contract with Knight, which it broke by the sale of its property, so that it would be liable to him for such breach, the measure of damages would not be the salary promised, but would be the difference between the salary and what he could have earned in some other occupation. See 1 Sedg. Dam. (8th ed.) §§ 206–208; Mayne, Dam. (7th ed.) 244, 245. The plaintiff put in no evidence on this point, and there is nothing to show that Knight did not earn more in some other occupation.

The judgment in the action brought by Knight against the plaintiff was not binding on the defendant, in the absence of a notice to come in and defend. No such notice having been given, it stood merely as a payment; and to make it material the plain-

tiff had to prove that it was rightly made. Until the plaintiff proved that Knight tried to get other employment and entirely failed, there was no proof that either payment made to Knight of his full salary was rightfully made, and payment of such salary without such proof was immaterial as against the defendant, and was rightly excluded.

*Exceptions overruled.*