PAPER TRUCKING COMPANY *vs.* NICHOLAS RUSSO.

Suffolk.    November 22, 1932. — November 29, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*District Court*, Discharge of case stated.

A judge of a municipal court, to whom has been submitted an action upon a case stated, has power to order the action discharged from further consideration on the case stated and restored to the docket for trial.

TORT. Writ in the Municipal Court of the City of Boston dated January 28, 1932.

The action was submitted to *Adlow*, J., in the Municipal Court upon an "Agreed Statement of Facts." Subsequent proceedings in the Municipal Court are described in the opinion. The plaintiff appealed from an order by the Appellate Division denying a petition to establish a report.

*N. Parnes*, for the plaintiff.

*H. F. Tracy*, for the defendant, was not called upon.

RUGG, C.J.. This is an action of tort to recover compensation for property damage alleged to have been sustained by the plaintiff through the negligence of the defendant in the operation of an automobile. It comes before us on the plaintiff's appeal from an order of the Appellate Division denying its petition to establish report. The petition sets out, in substance, that the parties at the time of trial submitted the case upon an "Agreed Statement of Facts," which was in truth a case stated; that the case was taken under advisement, and, before a finding was made, motion by the defendant that the case be reopened in order that further evidence be heard was allowed by the judge and the action reopened. Subsequently, but prior to the hearing of additional evidence, it was ordered that the action be discharged from further consideration and restored to the docket for trial, and draft report setting out grievances arising from this action was disallowed. If it be assumed in favor of the plaintiff (see however *Cohen* v. *Berkowitz*,

215 Mass. 68; *Real Property Co. Inc.* v. *Pitt*, 230 Mass. 526), that the case is properly here, and since the result to the plaintiff must be the same in any event, there appears to be no objection to stating the grounds of substantive law which lead to that result. *Commonwealth* v. *McNary*, 246 Mass. 46, 48. It was agreed by the parties in open court and is shown by docket entries that prior to the filing of the petition to establish the report the plaintiff had become nonsuited.

The power of the judge was ample to discharge the case from further consideration and order it restored to the docket for trial. The reasons which led to this action on the part of the trial judge are not set forth in the record and therefore the only question raised is whether the judge had power to take the action. *Hale* v. *Blanchard*, 242 Mass. 262, 264. If the conscience of the trial judge led him to the conclusion that the case stated ought to be discharged and the action stand for trial to the end that justice might be done, he had the power to take this course. *West* v. *Platt*, 124 Mass. 353. *Ellis* v. *Ginsburg*, 163 Mass. 143. *Kenerson* v. *Colgan*, 164 Mass. 166. *McKinley* v. *Warren*, 218 Mass. 310. *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31.

*Order of Appellate Division affirmed.*