Tomasello, J.
This court entertains this case upon a so-called “Case Stated” wherein the agreed statement of facts presents the question whether on all the evidence contained therein a finding for the defendant was warranted as a matter of law, Frati v. Jannini, 226 Mass. 430, and to this end no requests for rulings were necessary to bring this case before this court, where the trial judge reported the same. D’Olimpio v. Jancaterino, Mass. Adv. Sh. (1939) page 1637, Boston Brokerage Co. v. Cohen, Boston Municipal Court (54 App. Div. 165).
The issue involved in the agreed facts and argued by counsel was whether the simultaneous giving of the bill of sale, promissory note and lease, and the terms thereof as to payment and the retention of possession constituted the giving of a chattel mortgage such as would require a recording under the recording statutes in order to retain its validity as against the defendant. The trial judge evidently, as *252 may be inferred from Ms finding, was satisfied that these instruments and the surrounding circumstances did constitute the giving of a mortgage.
Ordinarily, a general finding made by a trial judge upon an agreed statement of facts will not be disturbed unless it is unwarranted by all the evidence, including both the facts stated and the reasonable inferences that may be drawn from them. Boston Lodge v. Boston, 217 Mass. 176, Untersee v. Untersee, Mass. Adv. Sh. (1938) 321, 324. This court, however, will not give an opinion upon a statement of facts wMch is imperfect for failure to state a vital fact, the proof of which is manifestly within the reach of the parties. Old Colony R. R. Co. v. Wilder, 137 Mass. 536. Other than the facts of payment in installments the agreed facts fail to disclose the contents of the bill of sale, promissory note, or lease as might enable the court to establish to its satisfaction whether these instruments fulfilled in themselves the essential conditions of a mortgage. The bare statement of the giving of a bill of sale and lease leaves it in doubt whether the parties intended a mortgage or a conditional sale or a mere rental. It is likewise indefinite whether the lease or bill of sale were to become void upon the payment of the sum agreed to be due, or whether there was to be a conveyance of the chattel after the final payment. Also, there is nothing to indicate that a right of redemption was reserved by the debtor, L. Hagler, Inc., or that the creditor, Silverman, had the right to take the property in the event that the installments were not paid as agreed. Miller v. Baker, 20 Pick. 285, 287, Pennock v. McCormick, 120 Mass. 275, Hollywood v. First Parish in Brockton, 192 Mass. 269.
It is our opinion, therefore, that the “Case Stated” is imperfect and should be discharged and the case should stand for trial, since it lacks certain facts as to the contents *253 of the bill of sale, promissory note and lease which are essential to enable this court to draw the inference necessary in determining the status and rights of the parties. Paper Trucking Co. v. Russo, 281 Mass. 209.
Agreed Statement of Facts discharged. Case to stand for trial.