No. 138715 Municipal Suffolk, ss.
TINE (Cosmo DeBonis)
v. CUDAHY PACKING CO.
 (Taylor & Foley, William H. Taylor)
From the Municipal Court of Boston—Keniston, J.
Argued September 29, 1941—Opinion Filed November 22, 1941

CARR, J. (Putnam, C.J., & Gillen, J.)—This is an action in which the plaintiff, a retailer of food, seeks indemnity against the defendant, the manufacturer of the food, after the plaintiff had paid damages to a customer to whom he had sold food purchased of the defendant. The declaration is in two counts. "And the plaintiff says that being uncertain to which class of actions this cause belongs, he joins Count 1 in tort with Count 2 in contract, and avers that both counts are for one and the same cause of action."

The defendant demurred.

A demurrer admits that all facts well pleaded for the purpose of testing the legal sufficiency of the declaration. The statement of facts admitted at the argument on the demurrer has no place in this report. *Saltonstall* v. *N. Y. Central R. R.*, 237 Mass. 391.

Paragraph numbered 4 of the demurrer is based on failure to allege sufficient notice of breach of warranty within a reasonable time after the plaintiff knew of the breach. The count

alleges the defendant's warranty to the plaintiff, a sale to the plaintiff's customer, an injury to the customer by reason of a hard substance in the food, a claim for damages by the customer immediately thereafter of which claim plaintiff immediately notified the defendant. We interpret this to mean that the plaintiff stated the claim to the defendant as set forth in the earlier part of his declaration. This would be sufficient to warn a person of ordinary intelligence that "the plaintiff was asserting a violation of his legal rights and was not engaged in merely trivial conversation" or correspondence. *Jamrog* v. *H. L. Handy Co.*, 284 Mass. 195. *Guthrie* v. *J. J. Newberry Co.*, 297 Mass. 245.

Paragraph 5 states in substance that the plaintiff does not allege facts to show that the present defendant was properly vouched in to defend the original action. *Cf. Bowditch* v. *E. T. Slattery Co.*, 263 Mass. 496.

But the giving or failure to give proper notice of the original action bears on the evidential value of the original judgment in the subsequent action for indemnity. Thus if proper notice of the original action is given to the person liable to indemnify and such person comes in and defends, he will be bound by a judgment obtained therein against the original defendant when offered in evidence in the action subsequently brought for indemnity. Such judgment is equally binding if after proper notice the one liable to indemnify fails to come in and defend. *Busell Trimmer Co.* v. *Coburn*, 188 Mass. 254, *Curtis* v. *Banker*, 136 Mass. 355. Failure to give notice of the original action does not preclude recovery by the plaintiff who later sues for indemnity "but it leaves upon him the burden of proving all the facts of the case, including the necessity and reasonableness of costs of litigation." *Sedgwick on Damages*, 9th Ed., sec. 239. The plaintiff may prove his case by other adequate evidence. *Royal Paper Box Co.* v. *Munro & Church Co.*, 284 Mass. 446, 453; *Keljikian* v. *Star Brewing Co.*, 303 Mass. 53.

We have no hesitation in concluding that the demurrer to this count of the declaration on the grounds specified should not have been sustained.

We turn now to the causes of demurrer alleged as to the first count.

Paragraph numbered 3 alleges that the plaintiff's amended declaration does not set forth any cause of action based upon negligence of the defendant toward the plaintiff resulting in damage to the plaintiff. We see no reason to discuss the question of damages in view of the special allegations and the ad damnum of the writ. Gen. Laws (Ter. Ed.) Ch. 231, p. 2892.

The count sets forth the relationship of the parties and in effect alleges that the acts and results were due to the negligence of the defendant. We think that this gneral allegation is sufficient.

"Negligence is a traversable fact; and a general allegation,

without stating the particulars showing negligence, is enough as against a demurrer for insufficiency." *Abbott Brief Upon The Pleadings, etc.,* 2nd Ed. p. 612, sec. 394; *Bates' New Pleading, Practice, etc.,* p. 2279.

At least since the Practice Act, Gen. Laws (Ter. Ed.) Ch. 231 (see p. 2892 et seq) it is too late to question the sufficiency of a general allegation of negligence. *Cf. Windram Manuf. Co.* v. *Boston Blacking Co.,* 239 Mass. 123.

Furthermore, the plaintiff alleges generally that the first count is in tort; he does not allege the kind of tort. If the defendant were right, that negligence is not properly alleged, the reference to neglignc could be treated as surplusage and a good cause of action in tort still remain.

An action of tort in the nature of deceit may be maintained upon a false warranty. *Farrell* v. *Manhattan Market Co.,* 198 Mass. 271, 274; *Schuler* v. *Union News Co.,* 295 Mass. 350, 353. The test in such action is not negligence. *Farrell* v. *Manhattan Market Co., supra.,* p. 286. Nor is it necessary to allege or prove that the defendant acted knowingly. *Norton* v. *Doherty,* 3 Gray 372, 373; *Williston on Sales,* 2nd Ed., sec. 197.

We conclude that on no ground pointed out by the defendant can the first count be held bad.

The trial judge did not point out on what ground he held the declaration bad. He did not rule separately on the two counts but sustained the demurrer generally. We think the action of the judge should be reversed.

Demurrer overruled.