CITY WELDING AND MANUFACTURING CO. *vs.* GIDLEY-
ESCHENHEIMER CORPORATION.

Norfolk.    March 11, 1983. — July 18, 1983.

Present, GRANT, GREANEY, & DREBEN, JJ.

*Contract,* Notice of breach, Damages. *Notice. Damages,* Breach of con-
tract. *Evidence,* Expert opinion, Damages, Extrinsic affecting writing.

In an action by the buyer of certain equipment against the seller for breach
of warranty, evidence that the seller, over an extended period of time,
had received numerous complaints from the buyer and the buyer's
customers concerning defects in the equipment warranted a finding
that the seller had received adequate notice of a claim of breach of
warranty, even though the complaints had not been accompanied by
any express assertion of legal rights. [373-374]

In an action by the buyer of certain equipment against the seller for breach
of warranty arising from defects in the equipment, testimony of the
buyer's customers and of its president, whom the judge permitted to
testify as an expert on the buyer's lost profits, was sufficient to support
the judge's award of damages for lost profits. [374-375]

In an action by the buyer of certain equipment against the seller for breach
of warranty, the judge did not err in admitting in evidence a judgment
obtained against the buyer by one of its customers on account of pur-
chases of defective equipment supplied by the seller. [375-377]

In an action by the buyer of certain equipment against the seller, in which
testimony of the seller's president indicated that the specifications con-
tained in the written contract were incomplete, parol evidence re-
specting the terms of the contract was admissible. [377]

CIVIL ACTION commenced in the Superior Court on June
30, 1975.

The case was heard by *Murphy,* J., a District Court judge
sitting under statutory authority. A motion for set-off was
heard by *Dimond,* J.

*Francis X. Kiley* for the plaintiff.
*M. Robert Dushman* for the defendant.

DREBEN, J.   Sued for failure to pay for certain dump bodies and dump trailers, Gidley-Eschenheimer Corporation (GE) counterclaimed alleging breach of warranty.   Although the manufacturing seller, City Welding and Manufacturing Co. (City), recovered on its contract claims, the primary victor was GE.   A consolidated judgment in its favor included among other items, $84,500 for lost profits and damages of $8,772 based on a judgment recovered by a customer against GE.   City does not contest the judge's findings of breach of warranty or the finding of delayed delivery.   Its appeal rests on claims that GE failed to give timely notice of City's breach of warranty; that GE failed to satisfy its burden of proof as to loss of profits; that damages should not have been awarded based on the judgment against GE; and that oral statements varying the contract documents were improperly admitted in evidence.   We affirm.

1.  *Notice of breach.*   Relying on the acceptance of the goods by GE, City avers that the record is devoid of any notice of an assertion of a legal right by GE or a claim of breach of warranty as required by G. L. c. 106, § 2-607(3)(*a*).   City misapprehends the statutory requirement.   In the face of the series of complaints to City by GE and its customers, City is not entitled, as matter of law, to a finding that the notice was inadequate.   The case relied upon most heavily by City, *Eastern Air Lines* v. *McDonnell Douglas Corp.*, 532 F.2d 957, 973 (5th Cir. 1976), points out that the adequacy and timeliness of notice "depend upon the reasonableness of the buyer's efforts to communicate his dissatisfaction" and, therefore, "whether the notice requirement has been complied with is a question which is particularly within the province of the [fact finder]."   Massachusetts law is in accord.   *Nashua River Paper Co.* v. *Lindsay*, 249 Mass. 365, 371 (1924).   *Guthrie* v. *J.J. Newberry Co.*, 297 Mass. 245, 249-250 (1937).

In addition to evidence of specific complaints about City's failure to comply with specifications (e.g., goose neck hinges, twelve-leaf springs, length of hoist), and City's failure to deliver on time, there was evidence that City was informed of

the serious problems of unsteadiness and tipping over of the equipment which customers[1] of GE who had bought the trailers and bodies were having. Moreover, City met with some of these customers concerning their claims and, on at least one occasion, held a conference with lawyers of GE and a customer at which problems of several purchasers were discussed.

On this evidence the judge was warranted in finding that the defects in the dump equipment "were early brought to the attention of [City] in such a way that sufficient notice of the breach of warranty was substantially and seasonably given." *Mastercraft Wayside Furniture Co.* v. *Sightmaster Corp.*, 332 Mass. 383, 387 (1955). The number and seriousness of the complaints, which covered a substantial period of time, could provide sufficient notice even if unaccompanied by an express assertion of legal rights. *Lieberman* v. *W.M. Gulliksen Mfg. Co.*, 332 Mass. 439, 443 (1955). See *Nashua River Paper Co.* v. *Lindsay*, 242 Mass. 206, 210 (1922). See also comment 4 to § 2-607 of the Uniform Commercial Code (Am. Law Inst., 1962 Official Text with Comments), cited with approval in *Nugent* v. *Popular Mkts., Inc.*, 353 Mass. 45, 48-49 (1967).

2. *Loss of profits.* Testimony of customers and of Paul Eschenheimer provided ample basis for the judge's conclusion that there was a causal connection between the problems with City's equipment and GE's loss of business reputation and profits. *Dyecraftsmen, Inc.* v. *Feinberg*, 359 Mass. 485, 488 (1971). See *Ricky Smith Pontiac, Inc.* v. *Subaru of New England, Inc.*, 14 Mass. App. Ct. 396, 422 (1982).

Not only was the causal relationship established, but we think the quantification of profits was not so speculative or uncertain as to preclude their recovery. See *Neal* v. *Jefferson*, 212 Mass. 517, 523-524 (1912), where lost profits of a Florida hotel for winter visitors were recovered for the second and third years of operation although no profits were earned in the first year. See also *Rombola* v. *Cosindas*, 351

---

[1]E.g., customers Hines, Smith, Fontaine, Trayner, Barrows, and Winch.

Mass. 382, 386 (1966), allowing a claim for lost profits of a race horse. Both cases allowed experts to testify as to the extent of these lost profits. See also McCormick, Damages § 29 (1935).

Here, the trial judge, in his discretion, permitted Paul Eschenheimer, GE's president, to testify as an expert to show lost profits. Eschenheimer's experience in sales and repairs, his membership and holding office in several trailer organizations, his experience as an appraiser of trailers and dump bodies, his awareness of the general level of sales of dump equipment in Massachusetts, and his knowledge of the share of the market held by GE warranted the judge's finding that Eschenheimer was qualified as an expert on lost profits. *Winthrop Prod. Corp.* v. *Elroth Co.*, 331 Mass. 83, 85-86 (1954). *Agoos Leather Cos.* v. *American & Foreign Ins. Co.*, 342 Mass. 603, 606 (1961). *Matsushita Elec. Corp. of America* v. *Sonus Corp.*, 362 Mass. 246, 264-265 (1972). See *Ricky Smith Pontiac, Inc.* v. *Subaru of New England, Inc.*, 14 Mass. App. Ct. at 425.

It is true that Eschenheimer did not give the basis of his calculations, but, under our cases, this omission merely goes to the weight of his opinion and not to its admissibility, at least where the opinion is based on personal knowledge or observation. *Greene* v. *Cronin*, 314 Mass. 336, 340-344 (1943). *Commonwealth* v. *Vaughn*, 329 Mass. 333, 335 (1952). See *Sexton* v. *North Bridgewater*, 116 Mass. 200, 207 (1874). See also Liacos, Massachusetts Evidence 114 (5th ed. 1981); 2 Wigmore § 675 (Chadbourn rev. 1979).

Accordingly, we conclude that the evidence of lost profits, while somewhat meager, was sufficient to support the judge's findings. See *Agoos Leather Cos.* v. *American & Foreign Ins. Co.*, 342 Mass. at 608; see also *Matsushita Elec. Corp. of America* v. *Sonus Corp.*, 362 Mass. at 264, citing comment 1 to § 1-106 of the Uniform Commercial Code 1 U.L.A. (Master ed. 1976).

3. *Judgment obtained against GE.* The trial judge admitted in evidence a judgment obtained against GE by a customer (Fontaine) on account of purchases from GE of

three trailers supplied by City. From earlier testimony of Fontaine in the present action, the judge could conclude that the three trailers purchased from GE were unfit and that Fontaine had suffered substantial damages for which GE was legally liable. He could also conclude that the amount of the judgment against GE was consistent with the amount of Fontaine's damages.

Citing *Keljikian* v. *Star Brewing Co.*, 303 Mass. 53, 54 (1939), City argues that Fontaine's judgment against GE was improperly admitted in evidence and could not properly serve as the basis for an item of damages. It is City's view that before damages may be awarded based on the judgment, *Keljikian* requires that GE show both that the judgment could not have been avoided and that City was notified of Fontaine's action and requested to defend it. City misreads *Keljikian*. Notification to City to undertake the defense is required only if the judgment is to have binding force on City. *Keljikian* at 54. See also G. L. c. 106, § 2-607(5)(*a*). Fontaine's judgment had no such status.

The basis for recovery here is that City's breach of contract resulted in a claim and judgment against GE. As pointed out in Restatement (Second) of Contracts § 351 comment c (1981), "The party in breach is liable for the amount of any judgment against the injured party together with his reasonable expenditures in the litigation, if the party in breach had reason to foresee such expenditures as the probable result of his breach at the time he made the contract. . . . A failure to notify the party in breach in advance of the litigation may prevent the result of the litigation from being conclusive as to him. But to the extent that the injured party's loss resulting from litigation is reasonable, the fact that the party in breach was not notified does not prevent the inclusion of that loss in the damages assessed against him." See also 5 Corbin, Contracts § 1037 (1964).

That this ground of recovery is consistent with *Keljikian* is made clear by cases cited therein, especially *Royal Paper Box Co.* v. *Munro & Church Co.*, 284 Mass. 446, 452-453 (1933). See also *Boston Woven Hose & Rubber Co.* v.

*Kendall,* 178 Mass. 232, 236 (1901); *Boston* v. *Brooks,* 187 Mass. 286, 287 (1905); *Busell Trimmer Co.* v. *Coburn,* 188 Mass. 254, 256-257 (1905). The implicit findings of the judge that GE was legally liable to Fontaine and that the amount of the judgment was reasonable were not clearly erroneous.

4. *Oral statements.* The testimony of Joseph Marinelli, City's president, indicates that the specifications contained in the written contract documents were incomplete and did not contain all the terms of the parties' agreement. In such circumstances parol evidence was admissible. Restatement (Second) of Contracts § 210 comment c (1981).

No error having been shown, the judgment is affirmed.

*So ordered.*