ATLANTIC PIPE CORPORATION *vs.* R. J. LONGO
CONSTRUCTION COMPANY & another.[1]

No. 92-P-541.

Suffolk. May 10, 1993. - November 3, 1993.

Present: SMITH, KAPLAN, & GREENBERG, JJ.

*Uniform Commercial Code*, Warranty, Sale of goods, Acceptance of goods, Rejection of goods, Revocation of acceptance, Notice. *Sale*, Acceptance of goods, Revocation of acceptance. *Contract*, Performance and breach. *Notice*, Timeliness. *Practice, Civil*, Master: findings; Stipulation. *Tender*.

In an action heard by a master, arising from work done on a sewer construction project, in which the general contractor on the project brought a counterclaim for an alleged breach of warranty, claiming that its subcontractor, the manufacturer of reinforced concrete pipe, delivered defective pipe to it, evidence that the general contractor did not adequately notify the subcontractor of the defects in the pipe, as required by G. L. c. 106, § 2-607 (3) (*a*), until more than one year after first discovering the defects and months after repairing the pipe itself, warranted a finding that the general contractor was barred from recovery for any alleged breach of warranty. [462-463]

There was no merit to the claim by a defendant in an action on a contract for the payment of money that the award of attorney's fees to the plaintiff was barred by the "tender" doctrine as set forth in G. L. c. 232A, § 1, where the defendant never complied with the statute. [464]

There was no error in a Superior Court judge's denial of a pretrial motion for partial relief from a certain stipulation made by the parties in a contract action where the stipulation, which had been entered into by the parties long after the complaint had been filed, could not be viewed as improvident; where the motion, if allowed, would have changed radically the premise on which the parties had prepared for trial; and where the stipulated facts would have been untrue only if the interpretation of the contract put forth by the party seeking relief was correct, an interpretation never advanced during the four years the parties dealt with one another under the contract. [464-465]

---

[1] Safeco Insurance Company.

CIVIL ACTION commenced in the Superior Court Department on July 5, 1988.

Pretrial motions for partial relief from a joint memorandum and for reconsideration were heard by *Margot Botsford*, J., and the case was heard on a master's report by *Patrick J. King*, J.

*David J. Fine* (*Thomas J. Doherty* with him) for the defendants.

*Kenneth R. Berman* for the plaintiff.

SMITH, J. R. J. Longo Construction Company (Longo), was employed as the general contractor from 1984 to 1986 on a sewer project known as the New Boston Main Interceptor Project. Safeco Insurance Company (Safeco) provided a payment bond to Longo pursuant to G. L. c. 149, § 29, to insure Longo's payments to its subcontractors.

On or about May 16, 1984, Longo entered into two contracts with Atlantic Pipe Corporation (Atlantic), a manufacturer of reinforced concrete pipe (RCP). Atlantic promised to manufacture and deliver to Longo a certain amount of RCP for the project, and Longo promised to pay Atlantic on the basis of prices set forth in the contracts. Longo also agreed to pay interest on unpaid balances over thirty days old at the rate of 1.5% per month as well as Atlantic's reasonable attorneys' fees if any balance due after default was referred to an attorney for collection.

Longo began installing the RCP in the early summer of 1984. In 1985 and again in 1986, Longo observed some cracks in the RCP supplied by Atlantic, after the pipe had been installed by Longo. Longo repaired the cracks, and on October 28, 1986, Longo wrote to Atlantic claiming a back charge of $44,578.50 for repairing the cracks. Longo also refused to make the remaining payments to Atlantic that were called for in the contract.

Atlantic brought an action in the Superior Court against Longo and Safeco. It alleged that Longo committed a breach of the contract by failing to pay sums due to Atlantic. The complaint also named Safeco as a defendant for failure to pay under its payment bond. Longo brought a counterclaim

for an alleged breach of contract, claiming that Atlantic delivered defective pipe to it and unreasonably delayed delivery. It also brought a claim for alleged violations of G. L. c. 93A. Atlantic then amended its complaint to add a G. L. c. 93A count.

By agreement of the parties, the matter was referred to a master on a facts final basis. Mass.R.Civ.P. 53, as amended, 386 Mass. 1237 (1982).[2] After nineteen days of trial, the master submitted his report to the court. The master ruled in favor of Atlantic on its claims against Longo and Safeco except the master ruled that (1) Atlantic was not entitled to recover for the costs of two pipes that Longo ordered but did not accept and, (2) Atlantic had waived interest on one of the contracts for the period prior to the filing of its complaint. The master also found for Atlantic on Longo's counterclaims. In particular, the master ruled that Longo could not recover on its breach of warranty claim because it never gave to Atlantic timely or adequate notice of any alleged breach. Finally, the master ruled that neither party had sustained its burden of persuasion in regard to their G. L. c. 93A claims against each other. The master ordered Longo to pay Atlantic the sum of $64,233.23, which represented the unpaid principal balance owed by Longo under the contract less the cost of the two pipes.

Both Atlantic and the two defendants filed objections to the master's report. After considering the record, the findings of the master and arguments of counsel, a Superior Court judge entered a memorandum of decision adopting the master's report with one exception. The judge ruled that the master committed an error of law when he determined that Atlantic was not entitled to the cost of the two pipes ($5,176.64) that Longo ordered but refused to accept. Thus, the judge ruled that Atlantic was owed $69,409.87 on the two contracts, plus postfiling interest and pre- and postfiling interest on one of the contracts. In addition, as provided by

_____

[2]The parties agreed not to submit the issue of attorneys' fees to the master but rather, if necessary, have a judge decide the matter.

the contract, the judge awarded to Atlantic $172,924 in attorneys' fees and $25,455.30 in costs.

On appeal, Longo raises three issues. They are that the judge committed error in (1) affirming the master's ruling that Atlantic had not committed a breach of any express or implied warranties, (2) awarding to Atlantic its attorneys' fees, and (3) denying Longo's motion for partial relief from a pretrial stipulation.

1. *Longo's claim that Atlantic had committed a breach of warranty.* The master found that seventy-one cracks appeared in the RCP manufactured by Atlantic after the pipe had been installed by Longo. Therefore, Longo argues that it was error for the court to rule that Atlantic did not commit a breach of its express and implied warranties. Atlantic responds by claiming that Longo could not recover for any breach of warranty because it did not give sufficient or timely notice of the breach as required by the Uniform Commercial Code (Code), G. L. c. 106, § 2-607(3)(*a*).

"Specially manufactured things which are moveable at the time of identification to the contract of sale are 'goods' within the meaning of the [Code]. G. L. c. 106, § 2-105(1)." *P & F Constr. Corp.* v. *Friend Lumber Corp.*, 31 Mass. App. Ct. 57, 59 (1991). Therefore, the RCP are "goods" under the Code. Having accepted the goods, Longo, as the buyer according to the Code, " 'must within a reasonable time after [it] discovers or should have discovered any breach notify the seller [Atlantic] of breach or be barred from any remedy . . . .' G. L. c. 106, § 2-607(3)(*a*), inserted by St. 1957, c. 765, § 1." *P & F Constr. Corp.* v. *Friend Lumber Corp.*, *supra* at 59.[3] "[W]hether the notice requirement has been complied with is a question which is particularly within the province of the [fact finder]." *City Welding & Mfg. Co.* v. *Gidley-Eschenheimer Corp.*, 16 Mass. App. Ct. 372, 373 (1983), quoting from *Eastern Air Lines* v. *McDonnell Douglas Corp.*, 532 F.2d 957, 973 (5th Cir. 1976).

---

[3]As explained in *P & F Constr. Corp* v. *Friend Lumber Corp.*, at 60, "[a] principal purpose underlying the [notice] obligation . . . is to prepare the ground for working out a commercial dispute through compromise."

The notice must be "sufficiently definite to apprise the seller of the defects and the intention to assert legal rights." Massachusetts Code Comment to § 2-607(3)(*a*), 13 Mass. Gen. Laws Ann. at 306 (West 1990). *Delano Growers' Coop. Winery* v. *Supreme Wine Co.*, 393 Mass. 666, 674 (1985) (notice is sufficient if it allows the seller to infer that the buyer is asserting its legal rights). See *Nugent* v. *Popular Mkts, Inc.*, 353 Mass. 45, 48-49 (1967)(letter from buyer's attorney indicating buyer's name, address, identification of purchase, and that buyer was asserting legal rights held to be sufficient). *City Welding & Mfg. Co.* v. *Gidley-Eschenheimer Corp.*, 16 Mass. App. Ct. at 373-374 (series of complaints by buyer, seller meetings with buyer's customers about the complaints, and seller's attendance at conference with buyer's lawyers regarding complaints constituted sufficient notice). "The adequacy and timeliness of the notice depends on the reasonableness of the buyer's behavior in the circumstances." *Delano Growers' Coop. Winery* v. *Supreme Wine Co.*, 393 Mass. at 675.

Here, the master found that in 1985 and in 1986 Longo notified Atlantic that there were some cracks in the RCP that Longo had installed under the contract. Atlantic sent a representative who informed Longo that in his opinion the cracks were not serious and were caused by improper installation. He suggested a repair procedure. In the summer of 1986, Longo repaired the cracks using its own workers. Although the notice was sufficiently definite to apprise Atlantic of the defects, it failed to inform Atlantic that Longo was asserting its legal rights in regard to the cracks found in the RCP. Indeed, it was not until October 28, 1986, that Longo informed Atlantic that it considered Atlantic to be responsible for the cracks and that Longo intended to charge Atlantic for the repair of them. The notification was untimely because it was made more than a year after Longo first discovered the cracks and months after it repaired them. Therefore, because of lack of adequate and timely notice called for by the Code, Longo was barred from recovery for any alleged breach of warranty.

2. *The award of attorneys' fees.* Longo challenges the award of attorneys' fees to Atlantic because it claims that the award was barred by the "tender" doctrine. Under G. L. c. 232A, § 1, as appearing in St. 1975, c. 372, § 112, "[t]he payment or tender of payment of the whole amount due on a contract for the payment of money after it is due and payable and before action is commenced shall, if pleaded, have the same effect as if made at the time of the contract . . . ."

The short answer to Longo's claim is that it never complied with the statute. It made an *offer* to settle before the complaint was filed; but the offer, at least in these circumstances, was not a *tender.* Nor did Longo plead "tender" as an affirmative defense as required by the statute. Finally, the statute also states that if tender is made after the action has commenced it "may be made to the plaintiff or to his attorney in the action, and, if not accepted, the defendant may avail himself of the tender in defense in like manner as if made before the commencement of the action, bringing into court the amount so tendered." Longo never paid into court the amount it allegedly tendered. Longo's claim is without merit.

3. *The denial of Longo's motion for partial relief from a joint pretrial memorandum.* Prior to trial the parties entered into a joint memorandum which contained stipulations of fact. After the hearing commenced before the master, Longo requested pretrial relief from a certain stipulation to the extent that it restricted Longo's ability to challenge the validity and the accuracy of Atlantic's charges to Longo on the project. The motion was denied by a Superior Court judge on the grounds, among others, that "if granted, [the motion] would drastically alter the scope of the hearing, and essentially invalidate the factual premises on which the case was to be tried before the master. It comes literally at the eleventh hour. The stipulation, cannot, on this record, be viewed as improvident."

There was no error. "Both appellate and trial courts have the power to 'vacate a stipulation made by the parties if it is

deemed improvident or not conducive to justice.' " *Crittenton Hastings House of the Florence Crittenton League* v. *Board of Appeal of Boston*, 25 Mass. App. Ct. 704, 712 (1988), quoting from *Loring* v. *Mercier*, 318 Mass. 599, 601 (1945). We agree with the trial judge that the stipulation cannot be viewed as improvident. It was entered into by the parties long after the complaint had been filed. If Longo's motion had been allowed it would have changed radically the premise on which the parties had prepared for trial. Finally, the stipulated facts would have been untrue only if Longo's interpretation of the contract was correct, an interpretation, we add, that Longo never advanced during the four years that the parties dealt with one another under the contract.

*Judgment affirmed.*