McHugh, J.
This is a motion to amend the third-party complaint in a legal malpractice action. The present complaint simply seeks contribution from third-party defendants in the event that plaintiff recovers against defendant. The proposed amendment would supplant the contribution claim with claims for breach of contract and for indemnity. The motion is opposed on grounds that it comes too late in the five-year life of this case.
Third-party plaintiffs’ quest for “contribution” suggests that their third-party complaint was based on concepts of tort. See generally, Berube v. City of Northampton, 413 Mass. 635, 639 (1992). Regardless of how it is denominated, the gist of any action for attorney malpractice is breach of contract. McStowe v. Bornstein, 377 Mass. 804 (1979); Hendrickson v. Sears, 365 Mass. 83 (1974); Fall River Savings Bank v. Callahan, 18 Mass.App.Ct. 76 (1984). That being the case, counsel for third-party defendants were, or should have been, on notice from the outset that third-party plain *280 tiffs were asserting a contract-like claim. The amendment now proposed therefore simply makes explicit what was previously implicit.
On the other hand, a claim for common-law indemnity is implicit neither in a claim for contribution nor in a claim for malpractice. Proof of a claim for indemnity where a settlement has occurred requires proof of the third-party’s claim against the would-be indemni-tee as well as proof that the settlement was reasonable, at least where the prospective indemnitor was given no opportunity to defend the claim against the indem-nitee and hold her harmless from the consequences of a greater adverse verdict. See Fireside Motors v. Nissan Motors Corp., 395 Mass. 366, 370-72 (1985); Monadnock Display Fireworks, Inc. v. Andover, 388 Mass. 153, 157 n.1 (1983); Trustees of the N.Y., N.H.&H.R.R. v. Tileston, 345 Mass. 727, 732 (1963); Compare, e.g., Oates v. Diamond Shamrock Corp., 23 Mass.App.Ct. 446, 448 (1987). Moreover, a claim for indemnity carries with it a claim for attorney fees incurred in defending the claim asserted against the indemnitee. Amoco Oil Co. v. Buckley Heating, Inc., 22 Mass.App.Ct. 973, 974 (1986). That claim must be presented as part of the indemnity claim itself. See, e.g., Jones v. Vappi & Co., 28 Mass.App.Ct. 77, 82-84 (1989) .
All of the foregoing suggests that the issues in a typical indemnity claim where settlement has occurred are far different from those commonly asserted in a case that has ostensibly proceeded throughout its life as a tort claim for negligence. There being no discernable reason why the indemnity claim was not asserted until the 11th hour, the new claim’s likely disruptive impact on final trial preparation would be reason to deny the motion if delay in asserting the claim, standing alone, were not. See, e.g., Divenuti v. Reardon, 37 Mass.App.Ct. 73, 78 (1994). Particularly is that so when third-party plaintiffs could have avoided any disruption by the simple expedient of tendering defense of plaintiffs claim to the third-party defendants instead of presenting them with the settlement as a fait accompli.
Having said all of that, however, this is not the ordinary case. Damages, and proof of entitlement to damages, in the contract action are essentially indistinguishable, with the exception of attorneys fees, from those just outlined in the discussion of indemnity. See City Welding & Mfg. v. Gidley-Eschenheimer, 16 Mass.App.Ct. 372, 376-77 (1983). Apart from the matter of attorneys fees, then, preparation of a defense to the contract claim is tantamount, under the circumstances of this case, to preparation of a defense for the indemnity claim. As a result, no unfair hardship will flow from requiring simultaneous preparation of both.
Preparing to defend the attorneys fees component of the indemnity claim, however, raises issues not only new to the case but wholly unrelated to other issues the case presents. Moreover, the attorneys fees component can, and often does, involve testimony from expert witnesses in addition to testimony from attorneys who actually did the work that generated the fees. There is simply no reason to require third-party defendants to begin a defense of a wholly new aspect of the case at a time when they have begun final preparation of those portions that have been here for five years.
ORDER
In light of the foregoing, it is hereby Ordered that the Motion to Amend the Third-party Complaint (Paper No. 63) should be, and it hereby is ALLOWED except insofar as it seeks to assert a claim for attorneys fees.