JEFFCO FIBRES, INC. *vs.* DARIO DIESEL SERVICE, INC. April 14, 1982. This action arises out of the sale of a used 1971 diesel truck by the defendant Dario Diesel Service, Inc. (Dario), to the plaintiff, Jeffco Fibres, Inc. (Jeffco). Jeffco claimed that Dario had made misrepresentations about the vehicle's condition which constituted a breach of express and implied warranties under the Uniform Commercial Code and a violation of G. L. c. 93A, §§ 2(a) and 11. Dario counterclaimed for the cost of repairs to the truck (which it alleged were made at Jeffco's request) and for storage. The case was referred to a master, who concluded that Dario had committed a breach of express warranty in connection with the truck's sale, that the breach of warranty also constituted a violation of pertinent provisions of G. L. c. 93A, that Jeffco had properly revoked its acceptance of the vehicle (G. L. c. 106, § 2-608), and that Dario was entitled to recover the cost of certain repairs. The master's report was thereafter adopted, and a judgment entered on March 26, 1981, which (1) allowed Jeffco to return the truck, (2) awarded Jeffco $10,725.50 in actual damages for the violations of the express warranty and G. L. c. 93A, and $2,456.62 for attorney's fees under G. L. c. 93A, § 11, and (3) awarded Dario $3,620.07 on its counterclaim. Both Jeffco and Dario have appealed.

The master found that the truck, which had an odometer reading of 360,399 miles when sold, had been expressly warranted by Dario to have a new engine which had been driven 18,000 miles; that prior to delivery, Dario had made several repairs to the truck to put it into operable condition; that the truck was delivered on May 17, 1977; that shortly after delivery, Jeffco encountered serious problems and returned the truck to

Dario, for further repairs; that on July 6, 1977, Jeffco's owner, upon learning the cost of the repairs, informed Dario that "he didn't want the truck"; that despite this statement, additional repairs were thereafter made "at the request of Jeffco"; that by letter dated July 22, 1977, Jeffco advised Dario that it wished to return the truck because it "was not as represented to us," and desired repayment of the purchase price plus the cost of certain expenses set out in the letter; that Dario's representation about the condition of the engine was false when made, but Dario was unaware of the fact that the engine was not new until some time after Jeffco had revoked its acceptance; and that the repair costs which Dario sought to recover were unrelated either to the breach of warranty or to the deceptive act or practice.

The report is competently prepared and appears to disclose on its face all the subsidiary findings which the master had in mind and upon which he based his general findings. See *Bills* v. *Nunno,* 4 Mass. App. Ct. 279, 282-283 (1976). The exhibits were incorporated in the report and have been reproduced in the appendix. Summaries of the testimonial evidence were not requested in accordance with Rule 49(7) of the Superior Court, as amended (1980). See *Covich* v. *Chambers,* 8 Mass. App. Ct. 740, 741-742 (1979). With the case in this posture, we address Jeffco's contentions from the premise that the master's findings of fact are conclusive "unless they are mutually inconsistent, contradictory, plainly wrong or vitiated in view of the controlling law." *Selectmen of Hatfield* v. *Garvey,* 362 Mass. 821, 825 (1973). *Wormstead* v. *Town Manager of Saugus,* 366 Mass. 659, 660 (1975).

1. Jeffco contends that the master was required to find that it had revoked its acceptance of the truck on July 6, 1977, when its owner orally informed Dario's owner that "he didn't want the truck." The effect of such a finding would be to preclude Dario from recovering under its counterclaim for repairs made after that date. The master could properly have found, however, that the revocation did not take place until Dario's receipt of Jeffco's letter dated July 22, 1977. There is no doubt that an effective revocation of acceptance may be accomplished by oral notice (see *Performance Motors, Inc.* v. *Allen,* 280 N.C. 385, 397 [1972]) or by conduct which unequivocally manifests a desire to revoke the sale. See *Limoli* v. *Accettullo,* 358 Mass. 381, 384 (1970). The question of when the revocation becomes effective, however, must be dealt with in light of all the circumstances, including the testimony of the parties (see *Marine Mart, Inc.* v. *Pearce,* 252 Ark. 601, 608-609 [1972]), the nature of the goods sold, and the course of dealing between the parties after the sale and prior to the rejection. See White & Summers, Uniform Commercial Code § 8-3, at 301 (2d ed. 1972). Jeffco had the burden of establishing the breach of warranty and proving the date upon which it revoked its acceptance. See *Axion Corp.* v. *G.D.C. Leasing Corp.,* 359 Mass. 474, 479-480 (1971). It is evident from the master's findings that efforts were made

to repair the truck after the conversation of July 6, and that these repairs were made at Jeffco's request. The conclusions follow that Dario was attempting to cure problems with the truck with Jeffco's assent until its receipt of the letter of July 22 and that the master viewed the purported rejection on July 6 as equivocal in light of the parties' subsequent conduct. We cannot say that the findings require a conclusion as a matter of law that the revocation of acceptance occurred on July 6. The question in a close case is doubtless largely one of fact, and the master's findings here are not clearly erroneous or legally unsound. There is also nothing in the findings or in the exhibits which would require reversal of the master's findings that the repairs made "between June 15, 1977, and the end of July, 1977, . . . were done at the request of Jeffco and were not related to the breach of warranty or deceptive act or practice."

2. The master found that "a fair preponderance of the evidence did not establish that the expenditure[s] . . . by Jeffco for [substitute] truck rentals were directly related to the condition of [this] truck or that this expense was [incurred] because of the need and unavailability of this truck alone." This finding forecloses Jeffco's present arguments on this element of damages.

3. The master found that Dario did not learn until some time in July, 1978, that the engine of the truck was not new but had, in fact, been rebuilt using some new and some old parts. This finding was predicated on extensive subsidiary findings describing Dario's acquisition of the truck, its relationship with the company that sold it the truck, and the documents exchanged when Dario took title to the vehicle. The findings support the master's general findings that the misrepresentation about the engine constituted a breach of express warranty and, although not knowing or intentional, a violation of G. L. c. 93A, §§ 2(a) and 11. See *Lynn* v. *Nashawaty*, 12 Mass. App. Ct. 310, 312 (1981). It is implicit in the findings and conclusions that the misrepresentation was innocent or at worst negligent. A finding that the misrepresentation was purposeful was not compelled. Jeffco therefore is not entitled to have the damages multiplied. "While it is not a defense to a c. 93A claim that the defendant's conduct was negligent rather than intentional, negligence does not give rise to a multiple damages claim under § 11." *Linthicum* v. *Archambault*, 379 Mass. 381, 388 (1979). Jeffco's other arguments why the damages should have been multiplied are without merit and need not be discussed.

4. Dario claims that the attorney's fees awarded Jeffco under G. L. c. 93A, § 11, were unreasonable principally because the affidavit supporting the motion for fees lacks sufficient detail, and because the award might have included work done on issues unrelated to the c. 93A claim. The motion for attorney's fees was apparently heard upon written submissions of Jeffco's attorney and arguments of both counsel. The arguments were not transcribed, and Dario did not request an evidentiary hearing on

the issue. There is no basis in the record for concluding that the motion hearing did not supply the details lacking in the affidavit. Nor is there any basis for concluding that the judge did not properly take into account the variables involved in an award of attorney's fees, or that he overlooked the fee limiting principles discussed in *Hanner* v. *Classic Auto Body, Inc.*, 10 Mass. App. Ct. 121, 123-124 (1980). See *Simon* v. *Solomon*, 385 Mass. 91, 111-113 (1982). From all that appears, the judge followed the guidelines set out in *Linthicum* v. *Archambault, supra* at 388-389, and *Heller* v. *Silverbranch Constr. Corp.*, 376 Mass. 621, 629-631 (1978), for awards of this nature. We see no reason to reduce the award made in this case. See *Meghreblian* v. *Meghreblian, ante*   ,    - (1982).

*Judgment affirmed.*

*Richard T. Tucker* for the plaintiff.
*David A. Talman* for the defendant.


