Paul J. Shaw *vs.* Rodman Ford Truck Center, Inc.

Middlesex. April 4, 1985. — April 25, 1985.

Present: Greaney, C.J., Rose, & Grant, JJ.

*Practice, Civil,* Consumer protection case, Findings by judge. *Consumer Protection Act,* Wilful or knowing violation.

An award of multiple damages in a consumer protection case was upheld, even though the judge had not found expressly whether the award was based on the defendant's "willful" violation or its "knowing" violation of G. L. c. 93A, § 11, inasmuch as a finding of either a "knowing" misrepresentation or a "willful" one, that is, one made with reckless disregard for whether it was true or false, was warranted by the evidence, and either finding would justify the award of multiple damages. [710-712]

Civil action commenced in the Superior Court Department on October 8, 1981.

The case was tried before *Walter E. Steele,* J.

*Bradley C. Pinta* for the defendant.

*James A. Frieden* for the plaintiff.

Grant, J. The complaint in this action in the Superior Court expressed in four different ways the plaintiff's dissatisfaction with a used truck which he had purchased from the defendant. Count one was for breach of contract; count two was for fraud; count three alleged a violation of G. L. c. 90, § 7N, as appearing in St. 1979, c. 761, § 3; and count four sought treble damages and an attorney's fee under G. L. c. 93A, § 11, as amended through St. 1979, c. 72, § 2. The defendant expressed its displeasure with the plaintiff by counterclaiming for fair and reasonable charges for storage of the truck since the date of its return by the plaintiff. All four counts and the counterclaim were tried together, the first three counts and the counterclaim to a jury and the fourth count to a judge. A verdict was directed for the defendant on count three,[1] and the jury found for the

[1] It was clear that the truck had not been purchased for the immediate personal or family use of the plaintiff.

plaintiff on counts one and two and on the counterclaim. The judge awarded the plaintiff double damages and an attorney's fee under count four. The defendant appealed from the ensuing judgment.

The only question of any substance arises out of the judge's failure to make explicit findings under Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974), with respect to count four. See *Nei* v. *Burley*, 388 Mass. 307, 311-317 (1983); *DiMarzo* v. *American Mut. Ins. Co.*, 389 Mass. 85, 91-92 (1983); *Lynn* v. *Nashawaty*, 12 Mass. App. Ct. 310, 311, 315 (1981). So far as here material, the judge appears to have contented himself with a statement to the effect that the jury had returned verdicts for the plaintiff on counts one and two,[2] with a three-line summary of facts the jury could have found, and with a statement that he "accept[ed] the jury's verdict[s]." The only material findings the judge himself made were that the plaintiff, in purchasing the truck, had relied on a false representation by the defendant that the truck was "road-ready" and that the conduct of the defendant "was a violation of [c. 93A, § 11[3]] in that the defendant was guilty of deceptive acts and practices." The judge moved directly from there to an award of double damages and an attorney's fee[4] without any express finding that the violation had been either "willful" or "knowing" within the meaning of the fifth paragraph of § 11. That elision invites an inquiry as to whether, in the circumstances of this case, it would be proper to infer a finding of either wilful or knowing action on the part of the defendant.

The answer to that inquiry turns on the proper construction of the words "willful" and "knowing" as they are employed in § 11[5] whenever a cause of action depends for its existence

---

[2] The verdicts were general in form, and we do not know why they were denominated "special" on their faces and on the docket. They were not special verdicts within the meaning of Mass.R.Civ.P. 49(a), 365 Mass. 812 (1974).

[3] We assume the judge intended to refer to G. L. c. 93A, § 2, as that is the section referred to in the first, fifth, and sixth paragraphs of c. 93A, § 11.

[4] Neither single damages nor the attorney's fee has been questioned.

[5] The same words are found in G. L. c. 93A, § 9 (3), as amended by St. 1979, c. 406, § 2.

on a false representation. As the defendant all but concedes, a misrepresentation known to be false when it is made can be found to be a "knowing" violation of § 2. See *Calimlim* v. *Foreign Car Center, Inc.*, 392 Mass. 228, 232, 235, 236 (1984). The problem is with the proper construction of the word "willful." The defendant points out that the jury were instructed that they could find for the plaintiff not only if the defendant knew its representation ("road-ready") was false when made but also if the defendant should have known the representation was false or if the representation was made recklessly without regard to whether it was true or false.[6] See *Powell* v. *Rasmussen*, 355 Mass. 117, 118-119 (1969), and cases cited. The argument is, in effect, that there cannot be a "willful" violation unless the representation was known to be false when made; that the jury did not specify the basis for their verdict on count two (see note 2, *supra*); that the judge, in "accept[ing] the . . . verdict" on that count, made no finding that the misrepresentation was knowing rather than wilful; and, therefore, that the award of double damages cannot stand because it may rest on an erroneous legal premise.

We do not agree. Although neither of our appellate courts has had occasion to consider the ramifications of the word "willful" in G. L. c. 93A, §§ 9(3) and 11, as applied to a false representation,[7] those ramifications have been explored and carefully considered by Judge Keeton of the United States District Court for the District of Massachusetts in his well reasoned opinion in the case of *Computer Sys. Engr., Inc.* v. *Qantel Corp.*, 571 F. Supp. 1365, 1373-1375 (1983), in which, after a review of the relevant Massachusetts cases, the following conclusions were reached: "To prove that the defendant committed a knowing violation by fraud, the plaintiff may show that agents of the defendant knew that the fact they represented to be true was not true. Similarly, to prove that the

---

[6] The defendant did not object to any aspect of the charge and has abandoned its motion for directed verdicts on counts one and two. See Mass.R.A.P. 16(a) (4), as amended, 367 Mass. 921 (1975).

[7] See *Jeffco Fibres, Inc.* v. *Dario Diesel Serv., Inc.*, 13 Mass. App. Ct. 1029, 1031 (1982); Pirozzolo & Binder, Chapter 93A, § 11: The Massachusetts Little F.T.C. Act, 70 Mass. L.Rev. 14, 26-28 (1985).

defendant committed a willful violation by fraud, the plaintiff may prove that agents of the defendant knew they did not know whether the fact represented was true or false — that they made the representation without knowing whether it was true or false and with reckless disregard for whether it was true or false. Though not the equivalent of proving the state of mind of knowing the falsity of the fact represented, this is nevertheless proof of a culpable state of mind — the state of mind of willful disregard for truth or falsity of the fact represented." *Id.* at 1375. The Court of Appeals for the First Circuit affirmed in these words: "We accept Judge Keeton's comprehensive and scholarly analysis, and affirm his interpretation of the language 'willful or knowing violation' on the basis of his opinion." *Computer Sys. Engr., Inc.* v. *Qantel Corp.*, 740 F.2d 59, 68 (1st Cir. 1984). We add our endorsement to that of the Court of Appeals.

It follows that there is no obstacle to our inferring that the judge's award of double damages in this case was based on either of two permissible premises, that the misrepresentation in question was wilful or that it was knowing. It matters not which. Indeed, it could have been both, depending on whether one looks at the misrepresentation made by the defendant's salesman or at the subsequent conduct of the defendant's sales manager. In the circumstances, and in the absence of any motion by the defendant under Mass.R.Civ.P. 52(b), 365 Mass. 817 (1974), for clarification of the judge's findings, we see no unfairness to the defendant in sustaining the award of double damages.

Other questions of lesser importance are considered in the appendix hereof.

The judgment is to be modified so as to include therein an attorney's fee for the plaintiff in connection with this appeal in such reasonable amount as may be determined by the trial judge,[8] and, as so modified, the judgment is affirmed.

*So ordered.*

---

[8] See *DiMarzo* v. *American Mut. Ins. Co.*, 389 Mass. at 108; *Patry* v. *Liberty Mobilehome Sales, Inc.*, 394 Mass. 270, 272 (1985).

APPENDIX.

1. The judge did not err in shutting off the line of questions concerning the contents of the Federal income tax return which the plaintiff had filed for the tax year in which he had purchased the truck. The inquiry was not relevant to any issue in the case, as the plaintiff, at the outset of the trial, had waived any claim for damages except the one for the return of the agreed purchase price of the truck. There might have been something in the return which would have contradicted some statements the plaintiff had made in an affidavit he had filed in support of his motion for a speedy trial, but it does not appear that there was anything in the return which would have contradicted any of the plaintiff's testimony at trial. Indeed, the adjusted gross income figure (which is all that was revealed to the judge) would not have contradicted any of the testimony which is now adverted to for the first time.

2. The first objection to the line of questions as to whether the defendant had given the plaintiff a certificate of title to the truck came too late to require us to consider the point now argued. Indeed, the plaintiff had testified the previous day, without objection, that he had never received such a certificate. We note that the title documents that were produced from the defendant's files disclosed that its vendor, whom the defendant had called as a witness in its behalf, had owned the truck for only a fraction of the period to which he had testified.

3. There was no abuse of discretion or other error of law in the order by which the trial judge allowed the plaintiff's motion in limine concerning expert testimony which might be offered by the defendant. It was open to the judge to find (i) from the defendant's late-filed original answers to the interrogatories that had been put to it under Mass.R.Civ.P. 26 (b) (4), 365 Mass. 774 (1974), (ii) from the fact that the defendant had ignored the plaintiff's written request under Mass.R.Civ.P. 26 (e) (1) (B) and (3), 365 Mass. 776, 777 (1974), for supplementation of the original answers for more than nine months, (iii) from the facts that the supplemental answers were not served on the plaintiff until four days prior to the Monday on which the trial was to start or filed in court until the day of trial, and (iv) from the face of the supplemental answers themselves, both that the defendant had acted in bad faith and that the plaintiff could well be prejudiced by the actions of the defendant unless the trial were to be delayed in order to allow the plaintiff to depose the supposed experts, who ultimately turned out to be the very employees of the defendant with whom the plaintiff had dealt when he purchased the truck. Compare *Davis* v. *Marathon Oil Co.*, 528 F.2d 395, 403-404 (6th Cir. 1975), cert. denied, 429 U.S. 823 (1976); *Minnkota Power Coop.* v. *Manitowoc Co.*, 669 F.2d 525, 528-529 (8th Cir. 1982). Contrast *Eagan* v. *Marr Scaffolding Co.*, 14 Mass. App. Ct. 1036 (1982); *Eisbach* v. *Jo-Carroll Elec. Coop.*, 440 F.2d 1171, 1173 (7th Cir. 1971); *DeMarines* v. *KLM Royal Dutch Airlines*, 580 F.2d 1193, 1201-1202 (3d Cir. 1978); *Murphy* v. *Magnolia Elec. Power Assn.*, 639 F.2d 232, 234-235 (5th Cir. 1981); *Dychalo* v. *Copperloy Corp.*, 78 F.R.D. 146, 147-148 (E.D. Pa.), aff'd, 588 F.2d 819, 820 (3d Cir.

1978). The defendant appears to have spurned the judge's offer to reconsider his ruling as the trial progressed.

4. No other question has been argued within the meaning of Mass.R.A.P. 16(a) (4), as amended, 367 Mass. 921 (1975).