Hurley, J.
This petition to establish, filed by the defendant real estate broker, attempts to set for review a decision on the plaintiffs motion for summary judgment.
What began as a relatively routine purchase of a residence by the plaintiffs has evolved into a complicated set of procedural skirmishes not resolved in the trial court. Theplaintiff complains that the defendantreal estate broker negligently misrepresented that the wood floors in the residence were in fact all hardwood floors. After the plaintiffs had lived in the home for about one year they discovered that the floors covered by wall-to-wall carpeting were not hardwood. The plaintiff moved for summary judgment on count 2 (misrepresentation by the defendant broker) and count 3 (violation of M.G.Lc. 93A, §9 by the defendant broker). In a lengthy memorandum, the trial judge allowed the plaintiffs motion, assessed damages, trebled his damages finding and assessed attorney’s fees.
The trial judge filed a memorandum stating his reasons for disallowing the defendant’s “reports.” The stated reasons generally fault the defendant for not adhering to the requirements of Dist/Mun. Cts. R. Civ. P., Rule 64. The first report was filed after the trial judge allowed the plaintiffs motion for summary judgment on the issue of liability. Clearly, no appellate review was available atthis point. New England Canteen Service, Inc. v. Ashley, 372 Mass. 671 (1977). The judge did not report this interlocutory ruling to the appellate division. Dist/Mun. Cts. R. Civ. P., Rule 64(d).'
The second report, although timely filed, does not comply with the requirements of Rule 64. Since the case is before us on a petition to establish, the threshold issue is whether the report is sufficient to serve as the record of what took place in the trial court. Berninger v. Small, 1986 Mass. App. Div. 87. There is no statement that the report contains all the evidence material to the questions reported. The absence of this explicit assurance of a draft report’s content permits an inference that the report in question is fatally incomplete. Kaps, Inc. v. Sherman, 1983 Mass. App. Div. 24, 25, citing Comfort Air Systems v. Cacopardo, 370 Mass. 255, 259 (1976). The proposed report contains attributes of a brief with citations to cases and argument but no clear definition of the issues raised by the pleadings. It does not conform to the requirements of Rule 64(c) (2).
The petition to establish continues the pattern of noncompliance with the requirements of Rule 64. The petition does not contain the required affidavit as to the truth of the attached draftreport, afatal deficiency. Comfort Air Systems, supra; Murphy v. J. Bowes Construction Co., Inc., 1981 Mass. App. Div. 135. Dist./Mun. Cts. R. Civ. P., Rule 64(e).
*189 In the case of Federico v. Ragusa, No. 600 (Dist.Ct.App.Div., S.Dist., June 26, 1990), this appellate division remanded for a hearing on a draft report. Although no similar issue is raised in this case, the settlement process contemplated by Rule 64 should be able to resolve the pattern of deficiencies we observe in this case.
The defendant seeks appellate review of the trial court’s allowance of the plaintiff s motion for summary judgment on the claim under M.G.Lc. 93A, §9. Claims under this statute are appropriate for summary judgment under Rule 56 if there is no “genuine issue of material fact.” Lowell Gas Co. v. Attorney General, 377 Mass. 37 (1979). It is clear as well that proof of an unfair or deceptive act may be satisfied by a showing of negligence. Jeffco Fibres, Inc. v. Dario Diesel Service, Inc., 13 Mass. App. Ct. 1029 (1982); Slaney v. Westwood Auto, Inc., 366 Mass. 688 (1975); Glickman v. Brown, 21 Mass. App. Ct. 229, 235 (1985). In his memorandum, the trial judge listed the materials he reviewed and the particular pages and lines of the defendant’s deposition on which he relied in determining that there was no genuine issue of material fact. We are not in a position to review this determination since the relevant documents are not in before us because of the deficiencies we have noted above. If the summary characterization of the defendant’s deposition is correct,[3] this may be an appropriate case in which to grant a motion for summary judgment. On the other hand if intent is the basis of the action, “summary judgment seldom lies.” Madden v. Estin, 28 Mass. App. Ct. 392, 395 (1990).
The defendant’s knowledge of the inaccuracy of the description of the flooring beneath the carpeting would satisfy the threshold showing necessary for an award of multiple damages. Grossman v. Waltham Chemical Co., 14 Mass. App. Ct. 932 (1982); Shaw v. Rodman Ford Truck Center, Inc., 19 Mass. App. Ct. 709 (1985).
In a detailed memorandum supporting his award of attorney’s fees, the trial judge was faithful to the directive of the court in Heller v. Siverbranch Const. Corp., 376 Mass. 621 (1978), and considered the length of the proceedings before him, the difficulty of the legal issues and the degree of competence demonstrated by counsel.
The petition to establish is denied.

 The plaintiffs brief in support of his motion for summary judgment urges that the defendant admitted that the sellers had informed her that the floors in question were wood rather than hardwood.