**LUSON INTERNATIONAL DISTRIBUTORS, INC., Plaintiff, Appellee,**

v.

**FABRICATING AND PRODUCTION MACHINERY, INC., Defendant, Appellant.**

**No. 91–2239.**

United States Court of Appeals, First Circuit.

Heard April 8, 1992.

Decided June 4, 1992.

---

Richard C. Van Nostrand with whom Mirick, O'Connell, DeMallie & Lougee, Worcester, Mass., was on brief, for defendant, appellant.

Robert E. Sutton with whom Sutton & Kelly, Milwaukee, Wis., was on brief, for plaintiff, appellee.

Before BREYER, Chief Circuit Judge, CYR, Circuit Judge, and STAHL*, District Judge.

* Of the District of New Hampshire, sitting by

CYR, Circuit Judge.

Defendant Fabricating and Production Machinery, Inc. appeals a district court judgment entered in favor of plaintiff Luson International Distributors, Inc. for breach of their contract for the sale of goods. Appellant claims that the district court improperly denied its motion for judgment notwithstanding the verdict, or for new trial, and gave inadequate instructions to the jury. We affirm.

## I

### BACKGROUND

During the latter part of 1988, Luson shipped on consignment to appellant, for ultimate sale to an end user, a large and complex machine known as a vertical machining center which appellant in turn sold and delivered to Pro–Cut Machine. Appellant paid Luson the first installment in accordance with Luson's invoice. Installation of the equipment at Pro–Cut occurred in February of 1989. Shortly thereafter operational problems developed with the machine leading to a series of communications between appellant and Luson during the period from March through July 1989. The problems persisted despite several attempts by Luson to rectify them. Finally, by letter dated July 27, 1989, Pro–Cut demanded the return of its deposit from appellant and stated its willingness to return the machine to appellant. Appellant credited Pro–Cut's account, but the machine was never returned to Luson. Luson brought its diversity action for breach of contract in October 1989. As the parties stipulated that revocation of the acceptance of the machine was warranted, the only matters in dispute were whether the notice of revocation of acceptance was timely and proper.

## II

### DISCUSSION

A. *Judgment n.o.v.*

Judgment n.o.v. is unwarranted unless the evidence " 'could lead a reasonable

designation.

person to only one conclusion,' " *Hendricks & Assoc., Inc. v. Daewoo Corp.*, 923 F.2d 209, 214, (1st Cir.1991) (quoting *Conway v. Electro Switch Corp.*, 825 F.2d 593, 598 (1st Cir.1987)); "namely, that the moving party was entitled to judgment," *id.; see* Fed.R.Civ.P. 50(b). The trial court may not assess the credibility of witnesses, resolve conflicts in testimony or weigh the evidence, but must view all facts and reasonable inferences therefrom · " 'in the light most favorable to the party for whom the jury held....' " *Hendricks & Assoc., Inc.*, 923 F.2d at 214 (citing cases) (quoting *Chedd–Angier Production Co. v. Omni Publications Int'l, Ltd.*, 756 F.2d 930, 934 (1st Cir.1985)). Thus viewed, unless the evidence "point[s] so strongly and overwhelmingly in favor of the movant that a reasonable jury could not have arrived at [the challenged verdict]," the trial court must sustain it. *Id.* (quoting *Chedd–Angier*, 756 F.2d at 934). The denial of a motion for judgment n.o.v. is reviewed under "the same stringent decisional standards that control the district court." *Id.* (citing cases). Appellant bore the burden of proving that its notice of revocation was adequate and timely. *See Jeffco Fibres, Inc. v. Dario Diesel Service, Inc.*, 13 Mass.App. Ct. 1029, 1030, 433 N.E.2d 918, 921 (1982) (buyer must prove when it revoked acceptance). As there was substantial evidence to support the jury finding that appellant's notice of revocation to Luson was inadequate, the district court correctly denied the motion for judgment n.o.v. *See Conway*, 825 F.2d at 598 (judgment n.o.v. improper if substantial evidence supports verdict).

▮ A revocation of the acceptance of goods under Uniform Commercial Code § 2–608(2) "is not effective until the buyer notifies the seller of it." Mass.Gen.L. ch. 106, § 2–608(2). " '[W]hether the notice requirement has been complied with is a question which is particularly within the province of the [fact-finder].' " *Delano Growers' Cooperative Winery v. Supreme Wine Co.*, 393 Mass. 666, 675, 473 N.E.2d 1066, 1072 (1985) (quoting *City Welding & Mfg. Co. v. Gidley–Eschenheimer Corp.*, 16 Mass.App.Ct. 372, 373, 451 N.E.2d 734,

735 (1983) (quoting *Eastern v. McDonnell Douglas Corp.*, 532 F.2d 957, 973 (5th Cir. 1976))). Under Massachusetts law, the sufficiency of the notice of revocation must be determined "in light of all the circumstances, including the testimony of the parties, the nature of the goods sold, and the course of dealing between the parties after the sale and prior to the rejection." *Jeffco Fibres, Inc.*, 13 Mass.App.Ct. at 1030, 433 N.E.2d at 921 (citation omitted). In order for the notice of revocation to be found sufficient, "[t]he seller must be able to infer ... that an identified buyer *is asserting legal rights.*" *Delano Growers' Cooperative Winery*, 393 Mass. at 675, 473 N.E.2d at 1072 (interpreting notice requirement under § 2–607(3)(a)) (emphasis added). "Although notice need not be in any particular form, it must do more than inform the seller of the defects and of the buyer's dissatisfaction; the notice must inform the seller that the buyer does not want the goods and does not desire to retain them." *In re G.S.F. Corp.*, 6 B.R. 894, 897 (Bankr.D.Mass.1980) (interpreting Massachusetts law). The buyer bears the burden of establishing the adequacy of its revocation. *Jeffco*, 13 Mass.App.Ct. at 1030, 433 N.E.2d at 921 (considering adequacy of notice of revocation of acceptance of goods).

Appellant attempts to establish the sufficiency of its notice of revocation, as a matter of law, through reliance on two pieces of evidence. First, appellant points to the testimony of James Williams, one of its own employees, to the effect that he had several conversations with Roger Gold, Luson's national sales manager, relating to appellant's alleged desire to return the machine. Williams testified that he told Gold that—

> Mr. Cois [President of Pro–Cut had] had it with the machine. He did not want to see another repairman. He wanted to get rid of the machine. Please give the man his money back. *We'll be more than happy to give your machine back.* (emphasis added).

Mr. Gold denied that he had any discussions with Mr. Williams about returning the machine.

Second, appellant points to its letter to Luson dated July 19, 1989, which recounts the problems experienced with the machine, and states:

It is our *suggestion* that in order to keep everyone happy, and I think the customer has a very good case, in that the machine has been nothing but trouble, we return his deposit and ship the machine back to you where it can be properly repaired and sold to another customer once the necessary machine and control repairs are made. (emphasis added).[1]

On the other hand, the evidence revealed that appellant neither recovered the machine from Pro–Cut nor arranged for its shipment to Luson. Instead, the machine remained in Pro–Cut's possession at the time of trial, some two years after the July 19, 1989 letter.

Even if the jury had chosen to credit this evidence at face value, *but see Hendricks & Assoc., Inc.*, 923 F.2d at 214, the Gold–Williams conversations and the July 19 letter, alone or in combination, did not establish, as a matter of law, a sufficient notice of revocation of the acceptance of the machine. Independently, each piece of evidence merely evinces a *suggestion*—even a readiness—that appellant return the machine to Luson; in combination, the evidence represents something substantially more equivocal than a clear statement of appellant's determination not to retain the goods, *see In re G.S.F. Corp.*, 6 B.R. at 897, or of its intention to "assert [its] legal rights" to revoke its acceptance, *see Delano Growers' Cooperative Winery*, 393 Mass. at 675, 473 N.E.2d at 1072. We conclude that a jury reasonably could find that the notice of revocation was insufficient.

B. *New Trial*

A motion for a new jury trial enlists the sound discretion of the district court. *Hen-*

*dricks & Assoc., Inc.*, 923 F.2d at 217 (citing *Conway*, 825 F.2d at 598). "[A] trial judge cannot displace a jury's verdict merely because [s]he disagrees with it or would have found otherwise in a bench trial," *Milone v. Moceri Family, Inc.*, 847 F.2d 35, 37 (1st Cir.1988), or because "a contrary verdict may have been equally—or even more easily—supportable" on the evidence, *Freeman v. Package Machinery Co.*, 865 F.2d 1331, 1333 (1st Cir.1988). "Rather, it must appear that the verdict is 'against the clear weight of the evidence.'" *Hendricks & Assoc., Inc.*, 923 F.2d at 217 (quoting *Coffran v. Hitchcock Clinic, Inc.*, 683 F.2d 5, 6 (1st Cir.), *cert. denied*, 459 U.S. 1087, 103 S.Ct. 571, 74 L.Ed.2d 933 (1982)). Otherwise put, it must appear that there has been a "manifest miscarriage of justice." *Freeman*, 865 F.2d at 1334 (citing cases).

In light of the evidence we have recounted, we cannot say that the verdict represents a miscarriage of justice. Appellant bore the burden of establishing that the notice of revocation was adequate and timely. The only evidence it offered as to the adequacy of the notice of revocation indicated that it had *suggested* the return of the machine. Even if appellant's evidence would have supported a favorable verdict, a reasonable juror could find that the putative notice of revocation was equivocal. Thus, the verdict was not "so clearly against the weight of the evidence as to amount to a manifest miscarriage of justice." *Id.* "The mere fact that a contrary verdict may have been equally—or even more easily—supportable furnishes no cognizable ground for granting a new trial. If the weight of the evidence is not grotesquely lopsided, it is irrelevant that the judge, were [s]he sitting jury-waived, would likely have found the other way." *Freeman*, 865 F.2d at 1333–34. The trial court did not abuse its discretion in denying the motion for new trial.

C. *Adequacy of Jury Instructions*

Appellant claims that the district court failed to instruct the jury that the manner

---

1. Appellant makes reference also to a letter it received from Pro–Cut, dated July 27, 1989, demanding the return of the deposit Pro–Cut made with appellant and indicating that Pro–Cut would then "return the machine to [appellant]." As the letter evinces no intention on the part of Pro–Cut or appellant to return the machine to Luson, it is inapposite to the present issue.

and timeliness of the notice of revocation of acceptance must be determined in light of all the circumstances in the case, *see Jeffco Fibres*, 13 Mass.App.Ct. at 1030, 433 N.E.2d at 921 (adequacy of revocation); *Fortin v. Ox–Bow Marina, Inc.*, 408 Mass. 310, 315, 557 N.E.2d 1157, 1161 (1990) (timeliness), by refusing to give the more expansive instructions requested by appellant. In particular, appellant requested that the jury be instructed that it "may consider what the parties intended and what they understood on the basis of conversations, documents, et cetera."

■ Appellant was entitled to a proper jury instruction, one which outlined the controlling law and the decisional standards governing the finders of the facts, but not to an instruction phrased in "the precise language urged by [appellant]." *See Joia v. Jo–Ja Service Corp.*, 817 F.2d 908, 912 (1st Cir.1987) ("trial judge enjoys considerable discretion in the choice of idiom."), *cert. denied*, 484 U.S. 1008, 108 S.Ct. 703, 98 L.Ed.2d 654 (1988); *Putnam Resources v. Pateman*, 958 F.2d 448, 462 (1st Cir.1992).

Immediately after instructing the jury on the adequacy and timeliness of the notice of revocation, the district court explained as follows:

> You need to decide how each of ... these rules apply [sic] to this case. I suggest you should review the evidence, in particular, what, if anything, did anybody on behalf of [appellant] say orally or in writing about the goods, about sending it back, or about not wanting them or about returning them or about anything having to do with the machine in this respect. Then decide [whether there was proof of adequate and timely notice].

The court instructed the jury to review the evidence, with "particular" (but not necessarily exclusive) attention to what appellant stated, orally or in writing, about "anything having to do" with "sending [the machine] back, or about wanting [it] or about returning [it]." The instruction sufficiently informed the jury of its factfinding responsibilities relating to the adequacy of the putative notice of revocation in ac-cordance with the gist of the instruction requested by appellant. Moreover, elsewhere in its charge, the court instructed the jury to determine the facts from all the credible evidence in the case, including all the exhibits and all the testimony admitted by the court. The court acted well within its discretion in determining that any more detailed reference to the particular evidence the jury was to consider appropriately should be left to argument by counsel.

*Affirmed.*