Welsh, J.
This action concerns a claim by a purchaser of a used car against a dealer to compel rescission of the sale and return of the purchase price to plaintiff under the so-called used car “Lemon Law.” G.Lc. 90, §7Nl/4. There were also counts for breach of warranty and G.L.c. 93A the Consumer Protection Act.
The judge found for the plaintiff and awarded damages in the sum of $4,655, plus interest and costs. The judge awarded an attorneys fee in the amount of $6,607.95.
There are two issues cited by appellant as a basis for this appeal. First, whether the transfer of the vehicle to a transmission repair specialist tolled the grace period *209 granted a dealer by G.L.c. 90, §7Nl/4(3) (A) (i) to repair a defective motor vehicle. Second, whether the dealer’s offer constituted a reasonable proposal so as to preclude recovery of attorney fees.
There was no error.
1. Since this appeal is cast in the form of a statement of agreed facts, it is, in effect, a case stated. See Rule 8B, Dist./Mun. Cts. R. A. D. A. Requests for rulings of law and the judge’s acting thereon are devoid of legal consequences. As such, neither the requests nor the judge’s action thereon are germane from an appellate perspective and will not be discussed. Redden v. Ramsey, 309 Mass. 225, 227 (1941).
2. On or about April 3,1993, plaintiff (buyer) agreed to purchase a used car from defendant (dealer) on the following terms: The buyer traded in a 1986 Firebird for which a credit of $3,500 was given for its “actual cash value,” plus an additional credit of $1,495 afforded by the dealer, plus $1,000 cash payment by the buyer. The buyer also paid $155 in registration fees. The total sum paid by the buyer was $4,655 exclusive of the credit given by the dealer.
The judge found for the plaintiff in that amount, plus interest from the date of the demand, plus an attorney fee of $6,607.95.
The vehicle was sold with a thirty day express warranty as required by G.L.c. 90, §7N1/4(B) (iii).
Almost immediately on taking delivery, the buyer noticed a banging sound and a burning odor when the vehicle accelerated. He promptly reported the problems to the dealer on April 5, 1993, who agreed to fix them. He also reported that the transmission was slipping and the brakes were low. The dealer noted the complaints as to the transmission and inspected the transmission but did not repair the transmission. The dealer returned the vehicle to the purchaser on April 15,1993. On April 19,1993, the buyer returned the vehicle to the dealer complaining that he was still experiencing transmission problems. On that date, the dealer concluded that the vehicle needed a transmission overhaul and decided to let Aamco Transmission do the work including the overhaul and the parts. The vehicle was delivered to Aamco on April 21,1993. Aamco completed the overhaul and returned the vehicle to the dealer on April 29, 1993 and the dealer paid for the repairs. The buyer had become dissatisfied and demanded the return of the purchase funds and the car he had traded. This demand was reiterated and formalized by a G.L.c. 93A demand letter on May 7,1993. The dealer’s offer was a return of the $1,000 cash payment and the difference between the $3,200 received at the auction sale less actual expenses of the sale. The judge concluded that this offer, while not in bad faith, did not conform to the statutory requirement of G.L.c. 90, §7Nl/4.
The statute expressly gives the dealer of used cars the option of either repairing the vehicle himself or arranging and making payment to another for prompt repair of the vehicle. G.L.c. 90, §7N1/4(3)(A):
The statute gives the purchaser a right of rescission if the dealer fails to repair the same defect within three attempts, or if the used motor vehicle is out of service for more than a cumulative total of 10 business days after the buyer returned the vehicle for repair of the defect In such circumstances, the dealer is required to accept return of the vehicle, and refund the full purchase price, plus a reasonable allowance for use. G.L.c. 90, §7N 1/4 (3) (A) (ii).
The statute provides that a vehicle shall not be deemed out of service for purposes of the 10-day grace period for any day in which a part necessary for the repair is not in the dealer’s possession provided that the dealer has ordered the part by reasonable means on the same day he knew or should have known that such part was reasonably necessary, except that in no event shall a part’s unavailability operate to toll the ten business day period for more than 21 days.
The trial judge rejected the argument that the 10 day grace period to repair the vehicle was extended during the period of time the vehicle was out of the dealer’s *210 possession while it was being repaired by Aamco. We agree with the judge’s interpretation of the statute.
1. It is axiomatic that a statute should not be construed in such a manner as to defeat its utility or derogate from its general intent and purposes. Commonwealth v. Wellesley Toyota Co., 18 Mass. App. Ct. 733, 736 (1984); Simon v. Solomon, 385 Mass. 91, 100 (1982).
We are not persuaded by appellant’s argument that we should engraft upon the statute an exemption or a tolling provision that the legislature did not deign to include. This comprehensive statutory scheme was enacted to define a specific set of circumstances that would trigger a buyer’s right to demand rescission of a used car sale and refund of the value he paid for such vehicle. It describes in considerable detail the rights and obligations of a dealer vis a vis a purchaser of a used motor vehicle in this Commonwealth. To permit judicial enlargement of the period of time granted a dealer to remedy a defective used car would be the equivalent of reading into the statute an intent of variance with the plain words and not present by necessary implication. Tilton v. Haverhill, 311 Mass. 572, 578 (1942). The often cited canon of statutory construction that a statutory expression of one thing implies an exclusion of other things is aptly applied here. See Brady v. Brady, 380 Mass. 480, 484 (1980). The absence of a reference in the statute to a tolling provision while a defective car is in the possession of someone other than the dealer for repairs appears to be an intentional or conscious choice by the legislature rather than an inadvertent omission. The statute expressly contemplates circumstances where dealers would send the vehicle to others for repair work: Yet no mention is made that such a reference would be excluded from the 10 day grace period.
2. Construction of a statute that would effectively nullify or render its administration impossible or more difficult are not favored. Hein-Warner Corp. v. Jackson Industries, Inc., 364 Mass. 523, 525 (1974). If one were to yield to appellant’s suggestion and read in by implication a hiatus in the running of the deliberately brief limitation period the interval that the vehicle was in the hands of some other person for repairs, the clear imperative of the statute imposing on dealers the duty to accept the defective vehicle and refund the purchase price might be thwarted. We conclude that the trial judge correctly construed the statute.
3. The trial judge’s determination that the offer in response to the demand letter was inadequate under the statute was correct. The imposition of attorney’s fees was therefore appropriate.
The appeal is dismissed.
So ordered.