Wright J-
This action arose out of the sale by defendant 128 Sales, Inc. of an allegedly defective used automobile to plaintiff Peter Deranian.
A jury verdict in the amount of $7.00 was entered in favor of the plaintiff on his *176 claims for breach of contract, breach of warranties and misrepresentation. The jury ¿so found that the defendant had violated G.L.c. 90, §7Nl/4 (the “Used Car Lemon Law"), and awarded the plaintiff the automobile purchase price ($25,945.00), plus costs and interest. The trial judge entered judgment for the defendant on tiie plaintiff’s G.L.c. 93A claim. Both parties have appealed pursuant to Dist/Mun. Cts. R. A D. A, Rule 8C.
As the defendant has appealed the denial of his motion for judgment notwithstanding the jury’s verdict for the plaintiff on his §7Nl/4 claim, we view the evidence in the light most favorable to the plaintiff. Hohenleitner v. Quorum Health Resources, Inc., 435 Mass. 424, 425 (2001); Hall v. North Adams Hoosac Savings Bank, 49 Mass. App. Ct. 514, 515 (2000). The record indicates that in April, 1999, the plaintiff test drove a 1996 Lincoln Continental (the “Lincoln”) with an odometer reading of 28,295 miles at the defendant’s used car dealership. The plaintiff noticed a “banging noise” in the rear of the Lincoln, but was assured by the defendant's salesman that the problem would be fixed. The plaintiff purchased the Lincoln on April 28,1999. He was given a 90-day Used Car Lemon Law warranty and paid $927.00 for an additional, extended warranty. Because the banging noise had not been fixed at the time of sale, the plaintiff returned the Lincoln to the defendant-dealer two days later, on April 30,1999, for that and other repairs. The defendant “secured [the] spare tire” to correct the plaintiff’s complaint of an “exterior rattle from the rear.” However, the banging or rattling noise persisted. The plaintiff returned the Lincoln to the defendant for a second time on May 11, 1999, complaining that there was still a hanging noise in the rear when the car went over bumps in the road. The defendant’s repair slip stated that the vehicle was checked, but “no problem [was] found.” The plaintiff did not return the Lincoln again to the defendant dealer prior to the July 27,1999 expiration of the 90-day warranty.
In August, 1999, the plaintiff took the vehicle to a Lincoln dealership because of the continuing noise. He was informed at that time that Lincoln-Mercury had issued a Technical Service Bulletin (TSB) on July 6,1998, more than nine months before he purchased the Lincoln, which advised dealers of a rear noise in some Lincoln Continentals manufactured between 1995 and 1998.[1] The Lincoln dealer undertook the repairs recommended in the TSB, but the noise persisted. On September 7,1999, the plaintiff returned the Lincoln to the defendant-dealer, and was told that the defendant had been unaware of the 1998 TSB. The defendant checked the Lincoln again, determined that the Lincoln dealership had not followed the TSB procedure guidelines and completed the repairs specified in the bulletin. The defendantss repair slip for September 7,1999 states that even after the repairs, the Lincoln “still [had] noise in rear.”
1. The defendant moved for judgment notwithstanding the jury’s verdict on the ground that the plaintiff failed to satisfy a condition precedent to relief under G.L.c. 90, §7Nl/4; namely, affording the dealer three opportunities to repair the vehicle within the statutory warranty period. The evidence is undisputed that the plaintiff returned the Lincoln only twice, on April 30 and May 11,1999, during the 90-day warranty period in question. The third repair attempt was not made until September, 1999, more than a month after the expiration of the warranty. The plaintiffs counter argument is that while §7N1/4 requires the consumer to return the vehicle to the dealer three times, the three repair attempts mandated by the statute need not be made within the 90-day warranty period as long as the defect *177 arose during that period. The propriely of the denial of the defendant’s motion j.n.o.v. thus turns on a question of statutory interpretation.
The statutory remedy for a consumer purchase of a used vehicle with a defect which impairs the vehicle’s use or safety is set forth in G.L.c. 90, §7Nl/4(3) (A) (ii). The statute states:
If the dealer fails to repair the same defect within three attempts, ... then the dealer shall accept return of the vehicle from the consumer and refund the full repurchase price, less a reasonable allowance for use.[2]
That provision does not per se mandate that the three repair opportunities be afforded to the dealer within the warranly period. However, the provision cannot be read in isolation hut must instead he construed in the context of §7Nl/4 in its entirety, consistent with the full statutory scheme enacted by the Legislature. See generally Acting Superintendent, Bournewood Hosp. v. Baker, 431 Mass. 101, 104 (2000); Lynch v. Commonwealth, 54 Mass. App. Ct. 347, 350 (2002).
Turning to other portions of the statute, we note that §7Nl/4(3) (A) (i) obligates a consumer to “return the vehicle for repair” by presenting it to the dealer “no later than five business days after the expiration of the applicable warranty period and informing him of the defect” That provision indicates that repair attempts must he initiated by the consumer within the warranty period plus five days. The language cannot be reasonably construed as requiring only that the consumer bring the vehicle hack once or even twice during the warranty period and then “return the vehicle for repair” for a third time at any time after the warranty’s expiration. Further, the statute sets forth several provisions for tolling or extending the warranty period. Section 7N1/4(2) (C) states that the warranty period “shall be extended thirty days from the date of completion of any repair... as to the defect repaired if the warranty would otherwise have expired during such period.” Section 7Nl/4(3) (A) (ii) provides for an extension of the warranty by the number of days for which a vehicle part needed for a repair remains unavailable. There would be no need to extend the warranty period after the first repair of a specific defect if the second or third repair attempts were not required to be undertaken within the warranty period.
Finally, the defendant's interpretation of §7Nl/4 finds further support in the Massachusetts Regulations, promulgated in compliance with §7Nl/4(4) and (5), which govern notice to a consumer of §7Nl/4 warranties. The notice mandated by 201CMR 11.22 states:
UNDER THE LAW, YOU HAVE A RIGHT TO A REFUND IF: (a) a defect that impairs safety or use arose during the warranty period AND (b) the defect continued to exist or has recurred during the warranly period [emphasis supplied] after: 1. three or more repair attempts for the same defect ...
Based on the requirements of the statute and regulations, we conclude that where a consumer’s G.L.c. 90, §7Nl/4 claim for rescission of a used car sales transaction and for recovery of the purchase price is based on a dealer’s failure to remedy a use or safely defect after three repair attempts, the consumer must have returned the vehicle to the dealer for those repair attempts within the applicable warranty period (as tolled or extended by the statute) as a condition precedent to *178 statutory recovery.
The plaintiff argues that he is still entitled to statutory relief in the circumstances of this case because the defendants misrepresentations effectively tolled the running of the 90-day warranty period. The plaintiff points to that portion of §7Nl/4(3)(A)(i) which provides that the period for returning a vehicle to the dealer for repair
shall be tolled during any time period in which the consumer has notified the dealer of the defect but cannot reasonably present the vehicle to the dealer; including, but not limited to, the reason that a used motor vehicle is inoperable and the dealer refuses to pay the charge to tow said vehicle.
The plaintiff contends that in failing to discover and comply with the TSB about rear noise in certain Lincolns and in informing the plaintiff ¿ter the second repair attempt that there was no defect, the defendant misrepresented the condition of the car, thereby discouraging or precluding the plaintiff from returning it for a third repair attempt within the warranty period.
Even if it were assumed that the defendant actually represented on May 11, 1999 that there was no defect (as opposed to stating that it could not find a defect), such representation did not, as a practical matter, render the plaintiff unable “reasonably [to] present the vehicle to the dealer” a third time. The defendant never refused, or indicated that it would refuse, to accept the vehicle for a third repair attempt, not is there any evidence of any effort by the plaintiff during the remainder of the warranty period to contact or communicate with the dealer about what the plaintiff claims was a constant noise in a car he continued to drive. There is no evidence to support the plaintiff’s contention that he was prevented from returning the car to the defendant
Nor is there anything in §7Nl/4 which permits a tolling of the warranty period or which absolves a consumer of the three repair opportunity requirement when, as in the instant case, the consumer concludes that an additional repair attempt would be futile.[3] The fact that remedial statutes are generally given a liberal construction, Bengar v. Clark Equip. Co., 401 Mass. 554, 556 (1988), does not permit a court
to engraft upon [§7Nl/4] an exemption or a tolling provision that the legislature did not deign to include. This comprehensive statutory scheme was enacted to define a specific set of circumstances that would trigger a buyer’s right to demand rescission of a used car sale and refund of the value he paid for such vehicle. It describes in considerable detail the rights and obligations [of the parties],
Burke v. Pride-Chrysler-Plymouth, Inc., 1998 Mass. App. Div. 208, 210. The failure of the plaintiff to satisfy his obligations under the statute precludes his recovery herein. The denial of the defendant’s motion j.n.o.v. on the plaintiff’s §7Nl/4 clam is reversed.
2. The plaintiff’s cross appeal challenges the trial court’s finding for the defendant on Ms G.L.c. 93A claim. The plaintiff contends that pursuant to 940 CMR *179 3.08 (2),[4] a dealer’s breach of warranty automatically constitutes an unfair and deceptive act in violation of G.Lc. 93A, and that the jury’s verdict in his favor on his misrepresentation and warranty claims required the trial judge as a matter of law to enter a finding for the plaintiff under G.L.c. 93A.[5] We disagree.
As there is no right to a trial by jury on a G.Lc. 93A claim, see Nei v. Burley, 388 Mass. 307, 315 (1983), such claim is properly adjudicated by the trial judge alone, who may make findings of fact as to that claim without reference to the jury’s findings and verdict on the underlying claims. Travis v. McDonald, 397 Mass. 230, 233-234 (1986). “A judge may make independent and, therefore, different findings on the c. 93A aspect of a case that arises from the same facts which gave rise to the parallel common law claims.” Poly v. Moylan, 423 Mass. 141, 151 (1996). And this is true even if there “was evidence, which if believed, would support the jury verdict” Wyler v. Bonnell Motors. Inc.. 35 Mass. App. Ct. 563, 568 (1993). Thus the trial judge herein was free to examine the evidence anew as to breach of contract breach of warranties and misrepresentation, and assess the weight and credibility of that evidence unconstrained by the jury’s verdict for the plaintiff on those counts. Contrary to the plaintiffs contention, therefore, 940 CMR 3.08(2) would have required a finding of a G.Lc. 93A violation in this case only if the judge, acting independently, first determined that the defendant was responsible for a breach of warranties. The judge did not do so.[6]
A judge’s findings on a G.Lc. 93A claim, even if inconsistent with the jury’s verdict, will not be disturbed on appeal unless they are “clearly erroneous.” Bressel v. Jolicoeur, 34 Mass. App. Ct. 205, 211 (1993). See also Velleca v. Uniroyal Tire Co., Inc., 36 Mass App. Ct. 247, 251 (1994). The judge concluded herein that the “rattle” described by the plaintiff did not constitute a defect amounting to a breach of contract or warranty, or a misrepresentation. These findings are not unsupported by the trial evidence or tainted by any error of law so as to compel a “definite and firm conviction” that a mistake was made. Adoption of Gregory, 434 Mass. 117, 128 (2001); Oakham Sand & Gravel Corp. v. Oakham, 54 Mass. App. Ct. 80, 84 (2002). There was no error.
Accordingly, judgment for the plaintiff upon the jury’s verdict for G.L.c. 90, §7Nl/4 relief is reversed and vacated, and judgment is to be entered for the defendant on that count Judgment for the defendant on the G.Lc. 93A count is affirmed.
So ordered.

 The Service Bulletin stated: “Some vehicles may exhibit a rear seat noise from the underbody/rear suspension which sounds like the suspension is bottoming or the shock absorbers are loose. This may be caused by irregularities in the road surface possibly being transmitted through the rear shock absorbers due to the tuning characteristics of the underbody/rear suspension system.”

 Although not relevant in this case, it should be noted that the §7Nl/4 remedies of rescission and refund are also available “if the used motor vehicle is out of service for more than a cumulative total of ten business days after the consumer has returned it to the dealer for repair....” G.L.c. 90, §7Nl/4(3) (A) (ii).

 Because §7Nl/4 effectively defines a “lemon” as a used vehicle with a use or safety defect that cannot be repaired after three attempts, the third repair attempt in all §7Nl/4 cases in which the consumer prevails will have been unsuccessful. And affording the dealer another chance to remedy a defect which could not be discovered or corrected on two previous occasions may indeed seem like a futile act not just in this, but in most, cases. The statutory requirement is clear, however, and is set forth in the written notice included in the warranty given to the consumer.

 The Regulation states: “It shall be an unfair or deceptive act or practice to fail to perform or fulfill any warranties or obligations under a warranty.” 940 CMR 3.08(2).

 The plaintiff made a similar argument that because G.Lc. 90, §7Nl/4(3) (B) (6) renders a violation of that statute an “unfair and deceptive act under the provisions of chapter ninety-three A,” the jury’s §7Nl/4 verdict in his favor entitled him to a G.L.c. 93A finding. Even if this argument were correct, it is now moot in view of our reversal of the jury’s §7Nl/4 verdict

 The trial judge stated: “While I am mindful and respectful of the jury’s verdict, I disagree with it I am not persuaded that the ‘rattle’ described by the plaintiff if it indeed existed, constituted a defect amounting to a basis for a breach of contract or warranty or a misrepresentation.... I am certainly persuaded by a preponderance of the evidence that the condition alleged by the plaintiff ‘does not impair the vehicle’s use or safety.’... I therefore do not find any facts that would support a finding that the defendant engaged in any unfair or deceptive practice.”