Bernard, J.
Alleging that the defendants failed to repair her defective used vehicle under its statutory warranty, Chintana Crean (“Crean”) brought this action to recover both the vehicle’s purchase price pursuant to G.L.c. 90, §7NV4 (3) (A) (ii) (the “Used Car Lemon Law”) and punitive damages, attorney’s fees and costs under G.L.c. 93A, §9. The defendants contended that the warranty had expired by the time the vehicle was returned for repairs. After a jury-waived trial, the judge made findings of fact and rulings of law in the defendants’ favor. Crean filed this Dist./Mun. Cts. R A. D. A., Rule 8A, expedited appeal.
On June 4, 2002, Crean purchased a 1998 Pontiac Transport Van from defendants Stoughton Motor Mart, Inc. and L. Jack Giandamenico for $13,785.00.[2] At the time of sale, the van’s odometer registered 82,707 miles. Pursuant to G.L.c. 90, §7Nre(2) (B) (iii), the van had an express limited warranty for thirty days or 1,250 miles, whichever occurred first. Crean took possession of the vehicle on June 5, 2002.
Crean was in Eastham, Massachusetts when the van overheated on July 3,2002. She telephoned Stoughton Motor Mart for service at 4:17 P.M. Because the vehicle could not be brought from Eastham to Stoughton before the repair shop closed that day and because of the Independence Day holiday the next day, Crean was advised to present the van for repairs on Friday, July 5,2002. She did so. As of that date, the van had been driven 84,150 miles, or 1,443 miles since the date of purchase. Stoughton Motor Mart replaced the thermostat and changed the oil and filter on the van; Crean paid $153.20 for parts and labor. The vehicle was out of service for six business days.
The van overheated again on July 16, 2002, and was returned to Stoughton Motor Mart for that problem on July 19,2002. The defendant replaced the thermo *131 stat at no cost to Crean, and the van was out of service for one business day.
On August 9, 2002, Crean brought the van to Brownie’s Texaco Service in Orleans, Massachusetts where the vehicle’s mechanical problem was diagnosed as a “blown head gasket.” Both Brownie’s and then Matt’s Automotive in South Chatham, Massachusetts, where the van was next towed, refused to undertake any repairs. The van was brought to Stoughton Motor Mart on August 19, 2002, where it remained until October 24, 2002. Crean paid $950.00 for those repair items not covered by the warranty. Stoughton Motor Mart subsequently notified Crean that none of the services it provided were covered by the statutory warranty because the van’s mileage on July 5, 2002 exceeded the 1,250 mile warranty limit.
1. Count I of Crean’s complaint sought a refund by the defendants of the full purchase price of the used van. Pursuant to G.L.c. 90, §7NXA (3)(A)(ii), a consumer is entitled to such a refund
[i]f the dealer fails to repair the same defect within three attempts, or if the used motor vehicle is out of service for more than a cumulative total of ten business days after the consumer has returned it to the dealer for repair of the same....
Essential to Crean’s claim under this statute was proof that she presented the vehicle for repair during the applicable warranty period. Deranian v. 128 Sales, Inc., 2002 Mass. App. Div., 175, 177-178.
It is undisputed that the van was driven 1,443 miles between the date of sale and July 5, 2002, and that the 30 day/1,250 mile statutory warranty had expired by the latter date. At that point, Crean was entitled to warranty service only if she had presented the vehicle for repair “no later than five business days after the expiration of the applicable warranty period.... “ G.L.c. 90, §7NV4 (3) (A) (i). Assuming that the five day grace period applied to the mileage as well as the time limitations of the statutory warranty, the issue at trial was whether Crean’s return of the van to Stoughton Motor Mart on July 5, 2002 was within five business day after the date the van’s mileage first exceeded the 1,250 mile warranty limit. Crean bore the burden of proof and persuasion on this issue. See generally Jeffco Fibres, Inc. v. Dario Diesel Service, Inc., 13 Mass. App. Ct. 1029, 1030 (1982); Haywood v. Massachusetts Automotive Group, Ltd., 1998 Mass. App. Div. 85, 87. The trial judge ruled that Crean “failed to establish when the warranty period ended in order to calculate the subsequent five business days. G.L.C. 90, §7NV4 (3) (A) (i).” There was no error.
There is no evidence in the record before us of the number of miles, if any, driven by Crean in the five days preceding the return of the van to Stoughton Motor Mart on July 5, 2002. Based on the trial court’s general findings of fact,[3] Crean argues that the judge was required to find that she drove 86 miles on Monday, July 1st, from Wellfleet to Stoughton, 86 miles on Tuesday, July 2nd, from Stoughton to Wellfleet and 86 miles on Friday, July 5th, from Wellfleet to the Stoughton Motor Mart, for a total of 258 miles. Subtracting that figure from the 1,443 mile odometer reading on July 5, 2005, Crean argues that the van’s mileage on July 1,2002 was 1,185 and thus still within the 1,250 mile statutory warranty.
The flaw in Crean’s hypothesis is that the record discloses no evidence to substantiate it. There is no indication that the malfunctioning van was driven, rather than towed, to the Stoughton Motor Mart on July 5, 2002. Nor does the Rule 8A *132 summary of undisputed facts prepared by Crean state that she actually made the round trip from Cape Cod to Stoughton and back during the July 4th holiday week in question. Further, Crean’s figures and calculations were questionable. If Crean actually drove 86 miles on Mondays and Tuesdays and 8 miles on Wednesdays, Thursdays, Saturdays and Sundays, the van would have accumulated less than 1,000 miles by July 5th instead of the 1,443 miles actually recorded on the odometer. Clearly, Crean made additional use of the van at undisclosed times and its mileage could have exceeded the 1,250 limit at any point.[4] The trial judge may well have concluded that Crean’s driving estimates were unreliable; and his proper assessment of the weight and credibility of Crean’s testimony, see Rood v. Newberg, 48 Mass. App. Ct. 185, 191 (1999), would not be disturbed on appeal. Kendall v. Selvaggio, 413 Mass. 619, 625 (1992) .
2. As there was no error of law in the trial judge’s ruling that Crean failed to establish by a preponderance of the evidence that the‘van was returned to the Stoughton Motor Mart within five days of the expiration of its G.L.c. 90, §7N;rc mileage warranty, a finding that the defendants breached that warranty could not have been made. Given the failure of her underlying “lemon law” claim and in the absence of any evidence of some other unfair or deceptive business practice by the defendants, Crean could not recover under G.L.c. 93A, §9. Macoviak v. Chase Home Mortg. Corp., 40 Mass. App. Ct. 755, 760 (1996).
Judgment affirmed.
So ordered.

 The listed price was $13,785.00. After receiving a $5,000.00 trade-in allowance for her 1994 Cadillac, and paying an additional $1,500.00 for a 36 month/36,000 mile “Omni Care Warranty,” Crean paid the defendants $10,285.00. The record suggests that Crean brought additional claims in this action for the defendants’ alleged misrepresentations about the Omni Care Warranty, and for breach of the implied warranty habitability. As Crean’s brief omits any argument on these additional claims, they are deemed waived. Dist./Mun. Cts. R A. D. A., Rule 16(a) (4). See Town of Wellfleet v. Glaze, 403 Mass. 79, 80 n.2 (1988); Kurker v. Hill, 44 Mass. App. Ct. 184, 191 n.7 (1998).

 The judge found that Crean stayed in Wellfleet during the summer, returning home to Stoughton on Mondays and traveling back to Wellfleet on Tuesdays; and that she operated a booth at a Wellfleet flea market that was open on Wednesdays, Thursdays, Saturdays and Sundays.

 Indeed, Crean concedes in her brief that she “cannot say precisely when it was that the vehicle’s odometer reached 83,957 miles, the 1,250 mile warranty cut off date.”